[No. B022326. Second Dist., Div. Two. Aug. 14, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
RUBEN FRAIRE MARTINEZ, Defendant and Appellant.

COUNSEL

Frank O. Bell, Jr., State Public Defender, under appointment by the Court of Appeal, and Therene Powell, Deputy State Public Defender, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Mark Alan Hart and Jennifer S. Cady, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**FUKUTO, J.**—Ruben Fraire Martinez appeals from the judgment entered following a jury trial that resulted in his conviction of assault with a firearm upon a peace officer and a true finding of a firearm-use enhancement. (Pen. Code, §§ 245, subd. (c), 12022.5.) He was sentenced to eight years in prison and contends: "The two-year enhancement for use of a firearm pursuant to Penal Code section 12022.5 must be stricken from the judgment because that enhancement cannot be applied to a conviction for assault with a firearm upon a peace officer in violation of Penal Code section 245(c)."

### FACTUAL BACKGROUND

As appellant's sole contention concerns the proper interpretation of Penal Code section 12022.5, which provides for a consecutive two-year enhancement upon any person who personally uses a firearm in the commission or attempted commission of a felony, the substantive facts underlying appellant's convictions need not be set forth in detail.

It suffices to observe that on January 31, 1986, two Huntington Park police officers approached the rear yard of a residence in response to a radio call regarding possible shots fired, and saw appellant brandishing a handgun. When ordered to drop the gun, appellant aimed it at the officers and pulled the trigger. Fortunately, the gun misfired. Appellant abandoned his weapon and was arrested.

Appellant was sentenced to the middle term of six years for the assault plus an additional two years for the firearm-use enhancement.

### STATEMENT OF THE ISSUE

Penal Code section 12022.5[1] provides, in relevant part: "Any person who personally uses a firearm in the commission or attempted commission of a felony shall, upon conviction of such felony or attempted felony, in addition and consecutive to the punishment prescribed for the felony or attempted felony of which he or she has been convicted, be punished by an additional term of imprisonment in the state prison for two years, unless use of a firearm is an element of the offense of which he or she was convicted. [¶] The additional term provided by this section may be imposed in cases of assault with a firearm under paragraph (2) of subdivision (a) o. Section 245, or assault with a deadly weapon which is a firearm under Section 245."

On its face, section 12022.5 states the general rule that a firearm-use enhancement may not be imposed if the use of a firearm is an element of the

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

offense of which the defendant has been convicted. The statute creates an exception to the general rule in cases of assault with a firearm on a person other than a peace officer or fireman, prosecuted under section 245, subdivision (a)(2). No similar exception is expressly provided in cases of assault with a firearm upon a peace officer or firearm prosecuted under subdivision (c) of section 245. However, the statute states that a firearm enhancement may be imposed in cases of "assault with a deadly weapon which is a firearm under Section 245." ▌ Appellant's contention requires us to decide whether the language, "assault with a deadly weapon which is a firearm under Section 245," is intended to permit enhancement under section 12022.5 when a defendant stands convicted of assault with a firearm upon a peace officer or fireman, in violation of section 245, subdivision (c).

DISCUSSION

▌ Initially, we must examine the words of section 12022.5 to determine whether the meaning of its express terms is clear or ambiguous. (*People* v. *Jackson* (1985) 166 Cal.App.3d 187, 190 [212 Cal.Rptr. 121].) "When statutory language is . . . clear and unambiguous there is no need for construction, and courts should not indulge in it." (*Solberg* v. *Superior Court* (1977) 19 Cal.3d 182, 198 [137 Cal.Rptr 460, 561 P.2d 1148].)

▌ The clause "assault with a deadly weapon which is a firearm under Section 245" is reasonably susceptible of two constructions. As appellant suggests, the language could be construed to apply only to subdivisions (a)(1) and (b) of section 245, which literally proscribe assaults "with a deadly weapon." Alternatively, as respondent contends, the reference could be interpreted to include any assault which is a violation of section 245, in which a firearm is used. ▌ Since it is not clear from the words themselves what was intended, this court is obliged " 'to accept that [meaning] intended by the framers of the legislation, so far as its intention can be ascertained.' [Citation.]" (*Sand* v. *Superior Court* (1983) 34 Cal.3d 567, 570 [194 Cal.Rptr. 480, 668 P.2d 787].) ▌ To discern legislative intent, "we consider the legislative history of the statute as well as the historical circumstances of its enactment. . . ." (*People* v. *Black* (1982) 32 Cal.3d 1, 5 [184 Cal.Rptr. 454, 648 P.2d 104]; see also *People* v. *Horn* (1984) 158 Cal.App.3d 1014, 1031 [205 Cal.Rptr. 119].)

▌ Until January 1, 1983, section 245 divided felonious assault into two categories, assault with a deadly weapon or instrument, or by any means likely to produce great bodily injury committed "upon the person of *another,*" and such assault committed "upon the person of a *peace officer or fireman.* . . ." (Former § 245, subds. (a) and (b).) An assault upon a per-

son, other than a peace officer or fireman, was punishable by imprisonment in the state prison for two, three or four years, or in the county jail for up to one year. An assault upon a peace officer or fireman was punishable by imprisonment in the state prison for three, four or five years with no alternative provision for a term in the county jail. Under former section 245, an assault with a firearm constituted an assault with a deadly weapon as a matter of law. (*Pittman* v. *Superior Court* (1967) 256 Cal.App.2d 795, 797-798 [64 Cal.Rptr. 473].) However, because "*firearm* use [was] not considered an element of the crime of assault with a deadly weapon," convictions of either subdivision (a) or (b) of section 245 could be enhanced under section 12022.5 if the defendant personally used a firearm. (*People* v. *Read* (1983) 142 Cal.App.3d 900, 905 [191 Cal.Rptr. 305].)

During the 1981-1982 regular legislative session, section 245 was amended to create four discrete categories of felonious assault.[2] The 1982 amendments to section 245 bifurcated the statute to separately punish assaults with a firearm, apart from assaults with other deadly weapons or instruments, or by means of force likely to produce great bodily injury. A mandatory minimum county jail term of six months was prescribed in cases of assault with a firearm on a person other than a peace officer or fireman. The punishment for assault with a deadly weapon upon a peace officer or fireman was increased to three, four or five years. The punishment for assault with a firearm upon a peace officer or fireman was increased to four, six or eight years. (*People* v. *Moore* (1986) 178 Cal.App.3d 898, 902 [224 Cal.Rptr. 204].) These amendments to section 245 were approved by the Governor and filed by the Secretary of State on March 31, 1982, to become operative January 1, 1983. (Stats. 1982, ch. 142.)

---

[2] As amended, section 245 provided, in relevant part: "(a)(1) Every person who commits an assault upon the person of another with a deadly weapon or instrument other than a firearm or by any means of force likely to produce great bodily injury is punishable by imprisonment in the state prison for two, three or four years, or in a county jail not exceeding one year, or by fine not exceeding five thousand dollars ($5,000), or by both such fine and imprisonment. [¶] (2) Every person who commits an assault upon the person of another with a firearm is punishable by imprisonment in the state prison for two, three, or four years, or in a county jail for a term of not less than six months and not exceeding one year, or by both a fine not exceeding five thousand dollars ($5,000) and imprisonment. [¶] (b) Every person who commits an assault with a deadly weapon or instrument, other than a firearm, or by any means likely to produce great bodily injury upon the person of a peace officer or fireman, and who knows or reasonably should know that the victim is a peace officer or fireman engaged in the performance of his or her duties, when such peace officer or fireman is engaged in the performance of his or her duties shall be punished by imprisonment in the state prison for three, four, or five years. [¶] (c) Every person who commits an assault with a firearm upon the person of a peace officer or fireman, and who knows or reasonably should know that the victim is a peace officer or fireman engaged in the performance of his or her duties, when the peace officer or fireman is engaged in the performance of his or her duties shall be punished by imprisonment in the state prison for four, six, or eight years."

A 1983 amendment to section 245 increased the maximum fines from $5,000 to $10,000. (48 West's Ann. Pen. Code (1987 pocket supp.) § 245, p. 87.)

Prior to January 1, 1983, section 12022.5 established a two-year enhancement for the personal use of a firearm in the commission or attempted commission of a felony, unless firearm use was an element of the offense. The statute specified that the enhancement could be imposed "in cases of assault with a deadly weapon under Section 245." (Former § 12022.5.) Hence, until January 1, 1983, the law was clear that a firearm-use enhancement could be imposed upon imprisonment for assault with a firearm upon a peace officer or fireman.

The present version of section 12022.5 was added by statute as Assembly Bill No. 3314 (hereinafter AB 3314) during the 1981-1982 regular legislative session. Proposed amendments to section 12022.5 first appeared in that bill as amended by the Senate on June 23, 1982, and provided: "The additional term provided by this section may be imposed in cases of assault with a firearm under paragraph (2) of subdivision (a) of Section 245, or assault with a deadly weapon which is a firearm under subdivision (b) of Section 245." The accompanying Legislative Counsel's digest stated, "Existing law provides for the imposition of specified additional punishment for the use of a firearm in felony cases, including assault with a deadly weapon. [¶] This bill would specify that the law applies to a deadly weapon which is a firearm."

A memorandum of the Senate Committee on Judiciary regarding AB 3314, as amended by that committee on June 23, 1982, contains the following explanation of the reasons underlying the proposed change: "Section 12022.5 of the Penal Code provides for a two year enhancement for the use of a gun in the commission of a crime, unless using a gun is an element of the substantive crime. [¶] It has been suggested that the bifurcation of the previous statute has now made use of a firearm an element of the crime of assault with a deadly weapon which is a firearm, and that therefore to continue the existing practice of allowing the enhancement to be applied to ADW [assault with a deadly weapon] cases involving firearms, 12022.5 should be amended to specifically allow the imposition of the use enhancement. [¶] This bill would specifically provide that the use enhancement charge could be added to an assault with a firearm complaint."

Final amendments to AB 3314 were made in the Senate on August 9, 1982. In its final version, the bill employed the language contained in present section 12022.5: "The additional term provided by this section may be imposed in cases of assault with a firearm under paragraph (2) of subdivision (a) of Section 245, or assault with a deadly weapon which is a firearm under Section 245." The description contained in the Legislative Counsel's digest was augmented to include the following statement: "This bill would also incorporate changes in Section 12022.5 of the Penal Code made by

Chapter 142 of the Statutes of 1982, to become operative January 1, 1983; . . ."[3]

A memorandum of the Senate Republican Caucus regarding the August 9, 1982, amendments to AB 3314 echoed the same concerns expressed by the earlier Senate Committee on Judiciary memorandum "that the bifurcation of [section 245] ha[d] now made use of a firearm an element of the crime of assault with a deadly weapon which is a firearm, and that therefore to continue the existing practice of allowing the enhancement to be applied to ADW cases involving firearms, 12022.5 should be amended to specifically allow the imposition of the use enhancement."[4] The Assembly subsequently characterized the purpose of the August 9, 1982, Senate amendments to AB 3314 as to: "1) Specify that existing law, which provides for the imposition of additional punishment for the use of a firearm in felony cases, including assault with a deadly weapon, applies to a deadly weapon which is a firearm. [¶] 2) Incorporate changes in Section 12022.5 of the Penal Code made by Chapter 142 of the Statutes of 1982, to become operative January 1, 1983." (Concurrence in Sen. Amends., AB 3314 as amended Aug. 9, 1982, Assem. Off. of Research, Aug. 19, 1982.)

■ ■ When determining the legislative purpose behind a statutory amendment, courts may properly consider committee reports (*Southland Mechanical Constructors Corp.* v. *Nixen* (1981) 119 Cal.App.3d 417, 427 [173 Cal.Rptr. 917]), partisan caucus analyses (*id.* at p. 428), and the digest of the Legislative Counsel. (*People* v. *Superior Court* (*Douglass*) (1979) 24 Cal.3d 428, 434 [155 Cal.Rptr. 704, 595 P.2d 139].) "It has long been the rule that 'Statements in legislative committee reports concerning the statutory objects and purposes, which are in accord with a reasonable interpretation of the statute, will be followed by the courts. And it will be presumed that the Legislature adopted the proposed legislation with the intent and meaning expressed in committee reports.' [Citation.]" (*Maben* v. *Superior Court* (1967) 255 Cal.App.2d 708, 713 [63 Cal.Rptr. 439]; see also *People* v. *Swinney* (1975) 46 Cal.App.3d 332, 342 [120 Cal.Rptr. 148].) ■ Furthermore, since the Legislative Counsel is a state official, who is required by law to analyze pending legislation, it is reasonable to presume that the Legislature amended section 12022.5 with the intent and meaning expressed in the Legislative Counsel's digest. (*People* v. *Superior Court* (*Douglass*), supra, 24 Cal.3d at p. 434; *Maben* v. *Superior Court, supra,* 255 Cal.App.2d at p. 713.)

---

[3] This reference is to section 245, as amended effective January 1, 1983.

[4] A memorandum of the Senate Democratic Caucus regarding AB 3314, as amended August 9, 1982, also states in its summary of the legislation: "Existing law provides for the imposition of specified additional punishment for the use of a firearm in felony cases, including assault with a deadly weapon. [¶] This bill would specify that the law applies to a deadly weapon which is a firearm."

██ The committee reports, partisan caucus analyses, and Legislative Counsel's digest in this case establish that section 12022.5 was amended because legislators belatedly realized that their creation of separate crimes of assault "with a firearm" (§ 245, subds. (a)(2), (c)) might interfere with the existing practice of allowing firearm-use enhancements to be imposed for any section 245 violation in which the defendant *personally* used a firearm. The 1982 amendments to section 12022.5 were an attempt by the Legislature to preserve the status quo ante by providing that the use enhancement charge "applies to a deadly weapon which is a firearm." (Legis. Counsel's Dig., Assem. Bill No. 3314, Stats. 1982, ch. 1404 (Reg. Sess.).) Furthermore, these legislative materials are devoid of evidence of an intent to treat cases of assault with a firearm *upon a peace officer or fireman* any differently than such assaults upon other categories of persons, insofar as the imposition of firearm-use enhancements is concerned.

Appellant argues that the plain meaning of the words of the statute support a contrary legislative intent. The argument is unavailing. As previously noted, the statute is ambiguous. ██ In any event, "[t]he courts resist blind obedience to the putative 'plain meaning' of a statutory phrase where literal interpretation would defeat the Legislature's central objective." (*Leslie Salt Co.* v. *San Francisco Bay Conservation etc. Com.* (1984) 153 Cal.App.3d 605, 614 [200 Cal.Rptr. 575].)

Appellant also cites myriad rules of statutory construction in support of his interpretation of section 12022.5. ██ "However, when the Legislature has stated the purpose of its enactment in unmistakable terms, we must apply the enactment in accordance with the legislative direction, and all other rules of construction must fall by the wayside. Speculation and reasoning as to legislative purpose must give way to expressed legislative purpose." (*Milligan* v. *City of Laguna Beach* (1983) 34 Cal.3d 829, 831 [196 Cal.Rptr. 38, 670 P.2d 1121].)

██ Appellant observes that section 245 now provides identical terms of imprisonment for the crimes of assault with a deadly weapon, or by means of force likely to produce great bodily injury, and assault with a firearm, when the victim is a person other than a peace officer or fireman. (§ 245, subds. (a)(1) and (2).) By contrast, increased punishment for the use of a firearm is provided by section 245 itself, when the victim of the assault is a peace officer or fireman.[5] Appellant argues that "it would *not* be logical to hold that the already heavy penalties established by Penal Code section

---

[5] If a firearm is used in an assault upon a peace officer or fireman, the offense is punishable by imprisonment for four, six or eight years. If a firearm is not used, the offense is punishable by imprisonment for three, four or five years. (§ 245, subds. (b) and (c).)

245 (c) can be *further* increased by the imposition of a firearm use enhancement pursuant to Penal Code section 12022.5."

This argument ignores the fact that more severe punishment *is* in fact prescribed when a firearm is used in an assault upon a person other than a peace officer or fireman; a minimum term of six months in county jail is mandated. (§ 245, subd. (a)(2).) This mandatory jail term must be imposed if a firearm is used in the commission or attempted commission of the assault apart from whether the defendant personally used the weapon. Enhancement under section 12022.5 is only permitted upon proof that the defendant *personally* used a gun. (*People* v. *Walker* (1976) 18 Cal.3d 232, 240-243 [133 Cal.Rptr. 520, 555 P.2d 306]; *People* v. *Federico* (1981) 127 Cal.App.3d 20, 31 [179 Cal.Rptr. 315].)

The higher prison terms prescribed for the crime of assault with a firearm upon a peace officer or fireman must likewise be imposed without regard to whether the defendant, or another principal, used the weapon. No reason appears why enhancement under section 12022.5 should not be permitted when the victim of an assault is a peace officer or fireman, so long as the prosecution sustains its burden of establishing beyond a reasonable doubt that the defendant *personally* used a gun. A construction of section 12022.5, which permits enhancement in such a case, is not "illogical," as appellant contends, but rather furthers the stated goal of the determinate sentencing law to impose punishment "in proportion to the seriousness of the offense. . . ." (§ 1170.)

In accordance with the foregoing analysis, we construe section 12022.5 to apply to persons who personally use a firearm to assault a peace officer or fireman, in violation of section 245, subdivision (c).

The judgment is affirmed.

Compton, Acting P. J., and Gates, J., concurred.

A petition for a rehearing was denied September 10, 1987, and the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied December 3, 1987. Mosk J., and Broussard, J., were of the opinion that the petition should be granted.