[Nos. F009037, F010561. Fifth Dist. Feb. 24, 1989.*]

THE PEOPLE, Plaintiff and Respondent, v.
DERRICK HILL, Defendant and Appellant.
In re DERRICK HILL on Habeas Corpus.

**[Opinion certified for partial publication.†]**

---

* Reporter's Note: The petition for writ of habeas corpus was denied on June 27, 1989.
† Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of the facts and parts I and II.

Counsel

William M. Robinson, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, and Ward A. Campbell, Deputy Attorney General, for Plaintiff and Respondent.

Opinion

**MARTIN, Acting P. J.**—Appellant, Derrick Hill, was charged with three counts of assault with a deadly weapon in violation of Penal Code section 245, subdivision (a)(2).[1] It was further alleged that appellant personally used a firearm and was armed with a firearm within the meaning of sections 12022.5 and 12022, subdivision (a), respectively. On May 7, 1987, a jury trial commenced and the court granted the prosecution's motion to strike

[1] All statutory references are to the Penal Code unless otherwise indicated.

the "armed with a firearm" allegation. Appellant was convicted by the jury on all counts and the personal use allegation was found to be true.

The court sentenced appellant to state prison for a total of six years, including an upper term of four years for his assault conviction on count I and a two-year enhancement pursuant to section 12022.5. All other terms were made concurrent.

On July 31, 1987, appellant filed a timely notice of appeal. On June 27, 1988, appellant filed a petition for writ of habeas corpus which was consolidated with this appeal by order of the court on October 3, 1988.

STATEMENT OF FACTS*

. . . . . . . . . . . . . . . . . . . . .

DISCUSSION

I., II.*

. . . . . . . . . . . . . . . . . . . . .

III.

*Statement of Reasons in Imposing the Section 12022.5 Enhancement.*

After obtaining permission of this court, appellant filed a supplemental brief raising the issue of whether or not the trial court was required to state reasons for imposing the section 12022.5 enhancement.

Section 12022.5 provides for a sentence enhancement of two years for felonies committed while the defendant was personally using a firearm. Subdivision (a) of section 12022.5 states that a person convicted of a felony "*shall* . . . be punished by an additional term of imprisonment in the state prison for two years, unless use of a firearm is an element of the offense of which he or she was convicted." (Italics added.) At all times in question, subdivision (c) of the same section provided that the additional term ". . . *may* be imposed in cases of assault with a firearm under paragraph (2) of subdivision (a) of Section 245 . . . ." (Italics added.)[7]

* See footnote, *ante,* page 1574.

[7]Section 12022.5, subdivision (c) was amended in 1987, effective September 26, 1987. (Stats. 1987, ch. 1159, § 1, No. 4 Deering's Adv. Legis. Service, p. 4194; No. 10, West's Cal. Legis. Service, pp. 960-961.)

Appellant contends the enhancement of his sentence could only have been imposed under subdivision (c) and could not have been imposed under subdivision (a), since "use of a firearm" is plainly an element of section 245, subdivision (a)(2).[8]

It is appellant's position that the distinction between the "shall" of subdivision (a) and the "may" of subdivision (c) evidences a particular legislative intention that imposition of the sentence enhancement for cases of assault with a firearm would be a discretionary matter for the trial court. On this basis, appellant contends that the permissive language of subdivision (c) of section 12022.5 requires a trial court imposing sentence for conviction for assault under section 245, subdivision (a)(2) to exercise discretion in determining whether to impose a sentence enhancement for use of a firearm and, thus, a statement of reasons is necessary showing the basis for the exercise of that discretion. Appellant acknowledges he cited no specific case on point but analogizes to the requirement to state reasons for the sentencing choice under subdivision (c) of section 667.6 before imposing full, separate, and consecutive terms for certain sex offenses committed through force or fear, citing *People* v. *Craft* (1986) 41 Cal.3d 554, 559 [224 Cal.Rptr. 626, 715 P.2d 585].

Section 1170, subdivision (c) provides that "The court shall state the reasons for its sentence choice on the record at the time of sentencing . . . ." California Rules of Court, rule 405(f) defines "sentence choice" as "the selection of any disposition of the case which does not amount to a dismissal, acquittal, or grant of a new trial . . . ." On the surface it appears that, because the court has the power to impose or to strike an enhancement, the imposition of an enhancement is a selection of one of several possible dispositions of a case and, thus, is a "sentence choice" for which a statement of reasons is required. (See *People* v. *Manners* (1986) 180 Cal.App.3d 826, 834 [225 Cal.Rptr. 798].) However, section 1170, subdivision (a)(2) provides that ". . . The court, unless it determines that there are circumstances in mitigation of the punishment prescribed, shall also impose any other term which it is required by law to impose as an additional term . . . ." Section 1170.1, subdivision (d) provides that "[w]hen the court imposes a prison sentence for a felony pursuant to Section 1170 the court shall impose the additional terms provided in Sections . . . 12022.5 . . . , unless the additional punishment therefor is stricken pursuant to subdivision (h) . . . ." Section 1170.1, subdivision (h) states that "Notwithstanding any other provision of law, the court may strike the additional punish-

[8] While subdivision (a) of section 12022.5 requires personal use of a firearm in order to impose the enhancement, the final clause of that subdivision excludes offenses where "use of a firearm" is an element. Section 245, subdivision (a)(2) proscribes "assault upon the person of another with a firearm." By definition, such an act necessarily involves "use of a firearm."

ment for the enhancements provided in Sections . . . 12022.5 . . . if it determines that there are circumstances in mitigation of the additional punishment and states on the record its reasons for striking the additional punishment." These two subdivisions, read together, indicate that the imposition of the enhancement is the general rule for which no reason need be stated, but the striking of the enhancement, being the exception, requires a statement of reasons be given. (*People* v. *McGreen* (1980) 107 Cal.App.3d 504, 526 [166 Cal.Rptr. 360], disapproved on another ground in *People* v. *Wolcott* (1983) 34 Cal.3d 92, 101 [192 Cal.Rptr. 748, 665 P.2d 520].)

The legislative history of sections 245 and 12022.5 further refutes appellant's contention.

Until January 1, 1983, section 245 divided felonious assault into two categories, assault with a deadly weapon or instrument, or by any means likely to produce great bodily injury committed "upon the person of another," and such assault committed "upon the person of a peace officer or fireman." (Former § 245, subds. (a) and (b).) Because "firearm use [was] not considered an element of the crime of assault with a deadly weapon," convictions of either subdivision (a) or (b) of section 245 could be enhanced under section 12022.5 if the defendant personally used a firearm. (*People* v. *Martinez* (1987) 194 Cal.App.3d 15, 20 [239 Cal.Rptr. 272]; *People* v. *Read* (1983) 142 Cal.App.3d 900, 905 [191 Cal.Rptr. 305].)

Section 245 was amended in 1982 to create four categories of felonious assault: assaults with a firearm; assaults with other deadly weapons or instruments; or by means of force likely to produce great bodily injury; assault with a deadly weapon, a firearm or force likely to produce great bodily injury upon the person of a peace officer or fireman. (§ 245.)

Prior to January 1, 1983, section 12022.5 established a two-year enhancement for the personal use of a firearm in the commission or attempted commission of a felony, unless firearm use was an element of the offense. The statute specified the enhancement could be imposed "in cases of assault with a deadly weapon under Section 245." (Former § 12022.5.)

 Section 12022.5 as it currently exists was added in 1982 and made effective January 1, 1983. A memorandum of the Senate Committee on Judiciary and a separate memorandum of the Senate Republican Caucus regarding the 1982 amendment of section 12022.5 each expressed concern that the creation of separate crimes of assault "with a firearm" (§ 245, subds. (a)(2), (c)) might interfere with the preexisting practice of allowing firearm use enhancements to be imposed for any section 245 violation in which the defendant personally used a firearm. "The 1982 amendments to

section 12022.5 were an attempt by the Legislature to preserve the status quo ante by providing that the use enhancement charge 'applies to a deadly weapon which is a firearm.' (Legis. Counsel's Dig., Assem. Bill No. 3314, Stats. 1982 (Reg. Sess.).)" (*People* v. *Martinez, supra,* 194 Cal.App.3d 15, 23.)

In reviewing the foregoing legislative history it becomes clear that the permissive language, i.e., the word "may" of section 12022.5, subdivision (c), is an exception to the prohibitive language of subdivision (a), i.e., "unless use of a firearm is an element of the offense . . . ."

Thus, we conclude the trial court was not required to give an additional statement of reasons to support imposition of the two-year enhancement pursuant to section 12022.5.

The judgment is affirmed.

Best, J., and Ardaiz, J., concurred.

A petition for a rehearing was denied March 21, 1989, and appellant's petition for review by the Supreme Court was denied May 18, 1989.