[No. B088305. Second Dist., Div. Six. Sept. 26, 1995.]

THE PEOPLE, Plaintiff and Respondent, v.
LARRY JACK VACCA, Defendant and Appellant.

COUNSEL

Jerry D. Whatley, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Linda C. Johnson and Brad D. Levenson, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

YEGAN, J.—Larry Jack Vacca appeals from the judgment entered following a jury trial that resulted in his conviction of assault with a firearm on a peace officer in which he personally used a firearm (Pen. Code, §§ 245, subd. (d)(1), 12022.5).[1] He contends: "I. The trial court erred by failing to exercise its discretion as to whether to impose the firearm use enhancement[.] [¶] II. The trial court erred in selecting the upper terms for the substantive offense and the enhancement[.] [¶] III. The trial court erred in its determination of the presentence custody credits[.]" We affirm.

On June 14, 1994, Ventura County Deputy Sheriff Joe Evans was sitting in his parked vehicle in a residential area when he heard what sounded like a gunshot. He saw a woman cringing in a telephone booth and appellant walking down the street. Deputy Evans drove near appellant and called out: "Sheriff's Department, come here." Appellant fled and Deputy Evans pursued him on foot. Appellant ran up a driveway, turned, and fired a shot in the direction of Deputy Evans. Deputy Evans radioed for assistance and appellant was apprehended. A .38-caliber handgun was found approximately 15 feet from appellant.

At the sentencing hearing, the trial court had before it appellant's probation report which stated: "People vs Thomas (1993) 4 Cal.4th 206 [14 Cal.Rptr.2d 174, 841 P.2d 159] states that the Court is without authority to strike the gun use enhancement." The report also stated that appellant denied shooting at Deputy Evans. Appellant claimed the gun went off when he was climbing a fence.

---

[1] All statutory references are to the Penal Code unless otherwise stated.

In arguing for the maximum sentence, the prosecutor said: "The [L]egislature has deemed it appropriate that even though a firearm is an element in the 245, that people who do crimes like Mr. Vacca *can be* punished consecutively for the use and the crime." (Italics added.)

The trial court imposed the maximum sentence stating: "The Court finds the following factors to be circumstances in aggravation. That the defendant, while having a significant history of substance abuse and having been involved in a drug program, was under the influence of alcohol and drugs at the time this occurred; and he shot a gun twice in the neighborhood; that he has an extensive criminal record, which is becoming more serious; that he was on probation at the time that the offense was committed; and his prior performance on probation has been unsatisfactory. [¶] The Court finds no factors in mitigation and sentences the defendant to the aggravated [term] of eight years. Ordered to run consecutively to that is five years for the use of a firearm. You can commit a 245 with a firearm without even discharging the weapon. [¶] I'm satisfied that he aimed the gun [directly] at the officer and fired it. His offer of the gun going off when climbing through a fence is totally inconsistent with everything that has been testified to in this case. [¶] That five-year term is to run consecutive to the eight years, for a total unstayed term in prison of thirteen years." The trial court awarded appellant 139 days of actual custody credit and 68 days of conduct credit for a total of 207 days of precommitment credit.

■ Appellant's contention that remand for resentencing is required because the trial court was under the mistaken impression that punishment for the firearm enhancement was mandatory must fail. The probation report erroneously stated that the court could not strike the punishment for the firearm enhancement. When the subject offense was committed, section 12022.5, subdivision (a) in relevant part provided: "[A]ny person who personally uses a firearm in the commission . . . of a felony *shall*, . . . *be punished* by an additional term of imprisonment . . . for three, four, or five years, *unless use of a firearm is an element of the offense* of which he . . . was convicted. . . ." (Italics added.) Section 12022.5 subdivision (d) in relevant part provides: "The additional term provided by this section *may* be imposed in cases of assault with a firearm under paragraph (2) of subdivision (a) of Section 245, or assault with a deadly weapon which is a firearm under Section 245 . . . ." (Italics added.) However, nothing in the record indicates that the trial court agreed with the probation officer's statement.

A fair reading of section 12022.5, subdivisions (a) and (d) lead us to hold that where, as here, use of a firearm is an "element" of the underlying offense, the general rule that punishment for a section 12022.5 finding is

mandatory (§ 1170.1, subd. (d)), has no application. In these limited situations, the trial court has discretion to impose such additional punishment. Prior cases have mentioned this esoteric aspect of the determinate sentence law but have not expressly held that the additional punishment is discretionary as opposed to mandatory. (*People* v. *Hill* (1989) 207 Cal.App.3d 1574, 1576-1577 [255 Cal.Rptr. 772]; *People* v. *Martinez* (1987) 194 Cal.App.3d 15, 21-22 [239 Cal.Rptr. 272]; *People* v. *Moore* (1986) 178 Cal.App.3d 898, 903 [224 Cal.Rptr. 204].)

The prosecutor's comments regarding the enhancement indicated that the trial court had discretion to impose a firearm enhancement. The trial court's statements with respect thereto can reasonably be read as listing not only the reasons for imposing the firearm enhancement, but also for imposing the upper five year term thereof.

Moreover, even if we were to assume that the trial court improperly believed that it had no discretion with regard to the punishment for the section 12022.5 finding, remand would not be necessary here. The trial court's statements regarding its reasons for imposing the upper terms for the assault and the enhancement unquestionably show that the trial court concluded it was appropriate to impose the greatest sentence possible. Given these remarks, it is not reasonably probable that a result more favorable to appellant would be reached if we were to remand. There was no miscarriage of justice. (E.g., *People* v. *Bravott* (1986) 183 Cal.App.3d 93, 98 [227 Cal.Rptr. 810]; *People* v. *Sanchez* (1994) 23 Cal.App.4th 1680, 1684 [29 Cal.Rptr.2d 367].)

■ Appellant's contention that the matter should be remanded because the trial court relied on an improper aggravating factor in imposing the upper terms lacks merit. The trial court has broad discretion in imposing sentence and we presume it exercised its discretion properly, absent evidence to the contrary. (*People* v. *Montano* (1992) 6 Cal.App.4th 118, 121 [8 Cal.Rptr.2d 136].)

Appellant argues that the trial court should have considered his being under the influence of alcohol and drugs a mitigating, rather than an aggravating, factor. Here, appellant's voluntary consumption of alcohol and drugs contributed to his engaging in the outrageously dangerous conduct of firing two shots in a residential area, one of which was aimed at Deputy Evans. The trial court properly rejected this consumption as a mitigating factor and properly considered it to be an aggravating factor. (*People* v. *Reyes* (1987) 195 Cal.App.3d 957, 960-964 [240 Cal.Rptr. 752]; *People* v. *Regalado* (1980) 108 Cal.App.3d 531, 540 [166 Cal.Rptr. 614]; cf. *People* v. *Simpson* (1974) 90 Cal.App.3d 919 [154 Cal.Rptr. 249].)

Moreover, it is not reasonably probable that a sentence more favorable to appellant would have been imposed even if the court had considered aggravating and mitigating factors in the manner suggested by appellant. (*People v. Bravott, supra*, 183 Cal.App.3d at p. 98; *People v. Sanchez, supra*, 23 Cal.App.4th at p. 1684.)

Respondent concedes that appellant was entitled to three additional days of precommitment credit. (*People v. Guillen* (1994) 25 Cal.App.4th 756, 764 [31 Cal.Rptr.2d 653].) The record contains a minute order dated June 6, 1995, and an abstract of judgment amended June 7, 1995, in which appellant was awarded 140 days of actual custody credit and 70 days of conduct credit, for a total of 210 days of precommitment credit. The contention is therefore moot and no further action by this court is required.

The judgment is affirmed.

Stone (S. J.), P. J., and Gilbert, J., concurred.

On October 19, 1995, the opinion was modified to read as printed above.