[No. D023101. Fourth Dist., Div. One. Dec. 13, 1995.]

THE PEOPLE, Plaintiff and Appellant, v.
LAMONT ANTHONY CAMPBELL, Defendant and Respondent.

## Counsel

Paul J. Pfingst, District Attorney, Thomas F. McArdle and Edward J. Mantyla, Deputy District Attorneys, for Plaintiff and Appellant.

Diane Nichols, under appointment by the Court of Appeal, for Defendant and Respondent.

## Opinion

HUFFMAN, J.—In this appeal by the People of an alleged unauthorized sentence (Pen. Code,[1] § 1238, subd. (a)(10)), we conclude the trial court properly exercised its discretion under section 12022.5, subdivision (d) to stay execution of the additional term for Lamont Anthony Campbell's admitted personal use of a firearm enhancement (§ 12022.5, subd. (a)) and affirm.

### Factual Summary

In the early morning of June 2, 1994, Campbell was arrested after attempting, in two separate incidents, to take vehicles from two different women, one at gunpoint. He was charged with two counts of "attempted carjacking, driver only" (§§ 664/215, subd. (a)) and one count of assault with a semiautomatic firearm (§ 245, subd. (b)). As to one carjacking count and the assault, it was alleged Campbell personally used a firearm. (§ 12022.5, subd. (a).) It was alleged the other carjacking count was committed while Campbell was armed with a firearm. (§ 12022, subd. (a)(1).)

Campbell pleaded guilty to the assault with a semiautomatic firearm and admitted the gun use allegation in exchange for the dismissal of all other counts and allegations. At the initial sentencing date, the court, on the probation officer's recommendation, referred Campbell to the California Department of Corrections (DOC) for a diagnostic study and continued the matter for sentencing.

At the continued hearing, the court considered statements in mitigation and aggravation, two probation reports, a psychiatrist's report, recommendations by DOC, and points and authorities by respective counsel for and against the imposition of punishment for the section 12022.5 firearm use enhancement and heard argument from counsel and statements from the victim before imposing sentence in this case.

The court then denied probation, stating: "It does appear that [the] probation department and its analysis has reached the figure that appears to be appropriate to the court. I thought about probation especially in light of the [DOC] and what they have indicated. I thought about probation from the standpoint that this gentlemen had no prior record. He was a member of [the] United States Marine Corp[s] and his age, 20 years of age. All these are factors that would suggest that perhaps a probationary type of sentence would not be lost on this individual. But when I balance it with all the facts

---

[1]All statutory references are to the Penal Code unless otherwise specified.

of this particular case . . . . [¶] . . . [¶] [i]t does appear to me that there should be a denial. That is that the act itself was very serious. That the victim has reported serious emotional injury, and I think that bears upon that, and the fact that we have the gun allegation is an appropriate basis which is to deny probation; therefore, probation will be denied."

The court next determined it would impose the midterm of six years for the assault with a firearm conviction. As to the gun use allegation, the court then stated: "[H]aving looked at the various legal documents that have been submitted to me, having looked at the cases, it does appear to the court that in this type of situation where [section 245, subdivision (b)] contemplates the use of the weapon, that the court *does have the discretion in which to not impose the additional allegation term* in this particular case. . . . I'm not going to strike it at this time, because I think that that may be going beyond my jurisdiction. However, I am going to stay the four year mid-term, and I'm staying it because I do believe that it is appropriate because it basically is an element of the [section 245, subdivision (b)] and I'm doing it under [section] 654 criteria. So the total sentence will be [six] years." (Italics added.)

The court then gave Campbell credit for his presentence custody and imposed a restitution fine. The People thereafter filed this appeal challenging Campbell's sentence as unlawful.

DISCUSSION

On appeal the People contend the trial court was not authorized under section 654[2] to stay imposition of the sentence enhancement provided by section 12022.5, subdivision (a). Campbell posits the true issue is whether the trial court has authority under section 12022.5, subdivision (d) to stay such firearm enhancement when a defendant, such as he, is also punished for an assault with a deadly weapon under section 245 which statutorily defines firearm use as an element of the offense. We agree with Campbell's characterization of the matter before us and hold section 12022.5, subdivision (d) provides the trial court discretion to impose or not to impose the additional punishment for firearm use when such is an element of the offense of which a defendant is convicted. Because firearm use is an

---

[2]Section 654 provides: "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other."

element of the crime for which Campbell was convicted,[3] we thus conclude the trial court did not err in exercising its discretion to stay the punishment for the firearm use enhancement in this case. We explain.

At the time of Campbell's offense, section 12022.5, subdivision (a), provided in pertinent part: "[A]ny person who personally uses a firearm in the commission . . . of a felony *shall,* upon conviction of that felony[,] in addition and consecutive to the punishment prescribed for the felony . . . of which he or she has been convicted, be *punished* by an additional term of imprisonment in the state prison for 3, 4, or 10 years, *unless use of a firearm is an element of the offense* of which he or she was convicted. . . ." (Italics added.)

Section 12022.5, subdivision (d) at that time stated in part: "The additional term provided by this section *may* be imposed in cases of assault with a firearm under paragraph (2) of subdivision (a) of Section 245, or assault with a deadly weapon which is a firearm under Section 245. . . ." (Italics added.)

This permissive language of section 12022.5, subdivision (d) has been held to be an exception to the prohibitive language of section 12022.5, subdivision (a) so that a court may impose the personal gun use enhancement even when such is an element of the crime. (See *People* v. *Hill* (1989) 207 Cal.App.3d 1574, 1576-1579 [255 Cal.Rptr. 772]; *People* v. *Martinez* (1987) 194 Cal.App.3d 15, 21-22 [239 Cal.Rptr. 272]; *People* v. *Moore* (1986) 178 Cal.App.3d 898, 903 [224 Cal.Rptr. 204].) The People call our attention to our decision in *People* v. *Ross* (1994) 28 Cal.App.4th 1151 [33 Cal.Rptr.2d 894] (which held the trial court had no power to stay execution of a section 12022.5 enhancement under section 654 even though the use of a firearm was the means by which a manslaughter was committed in that case),[4] to section 1170.1, subdivisions (d) and (h)[5] (which if read together at the time of Campbell's offense precluded a trial court from striking or staying any additional punishment for a section 12022.5 firearm use enhancement), and to the Supreme Court case of *People* v. *Thomas* (1992) 4

---

[3]At the time of Campbell's offense, section 245, subdivision (b), provided that: "Any person who commits an assault upon the person of another with a semiautomatic firearm shall be punished by imprisonment in the state prison for three, six, or nine years."

[4]Unlike the facts in *Ross,* the firearm use enhancement here is admittedly an element of Campbell's offense. (See *People* v. *Ross, supra,* 28 Cal.App.4th at pp. 1155-1156.)

[5]Section 1170.1, subdivision (d) provides in part: "When the court imposes a prison sentence for a felony pursuant to Section 1170, the court shall also impose the additional terms provided in . . . Section[] 12022.5 . . . of this Code, . . . unless the additional punishment therefor is stricken pursuant to subdivision (h) . . . ."

Section 1170.1, subdivision (h) at the time of Campbell's crime did not include section 12022.5 as one of the enhancements for which the additional punishment could be stricken.

Cal.4th 206, 213-214 [14 Cal.Rptr.2d 174, 841 P.2d 159] (which held the recent amendment deleting section 12022.5 from section 1170.1, subdivision (h) also removed a trial court's power to strike punishment for such enhancement under section 1385). From these authorities the People argue neither section 654 nor section 12022.5, subdivision (d) permits a sentencing court to stay imposition of the punishment for an enhancement under section 12022.5, subdivision (a). The People reason that since the court can no longer strike such enhancements under either section 1170.1, subdivision (h) or 1385, it no longer has the lesser power to stay such punishment under sections 654 and 12022.5, subdivision (d).

In so arguing, the People note the Courts of Appeal are divided on the general issue of whether section 654 applies to enhancements and the Supreme Court has so far avoided the question. (See *People* v. *Jones* (1993) 5 Cal.4th 1142, 1152 [22 Cal.Rptr.2d 753, 857 P.2d 1163]; *People* v. *King* (1993) 5 Cal.4th 59 [19 Cal.Rptr.2d 233, 851 P.2d 27].) The People ask us to resolve this case in light of the "better reasoned" cases that hold section 654 does not apply to enhancements. Aside from the fact the latest holding of this court to squarely address that issue held section 654 applied to enhancements (*People* v. *Dobson* (1988) 205 Cal.App.3d 496, 501 [252 Cal.Rptr. 423]; see also *People* v. *Price* (1992) 4 Cal.App.4th 1272, 1277 [6 Cal.Rptr.2d 263]), we need not reach such general issue since we resolve the matter on the narrow ground section 12022.5, subdivision (d) itself provides the court the power in this case to stay Campbell's firearm use enhancement.

Further, while we agree with the People's assertion in their reply brief that in light of the legislative history of section 12022.5 and the holdings in *People* v. *Thomas*, *supra*, 4 Cal.4th at pages 213-214 and *People* v. *Hill*, *supra*, 207 Cal.App.3d at pages 1578-1579, the word "may" in section 12022.5, subdivision (d) creates an exception to the "unless use of a firearm is an element of the offense" language of section 12022.5, subdivision (a), and thus in effect creates an exception to section 654's proscription against double punishment (see *People* v. *Hicks* (1993) 6 Cal.4th 784, 792 [25 Cal.Rptr.2d 469, 863 P.2d 714]; *People* v. *Ramirez* (1995) 33 Cal.App.4th 559, 572-573 [39 Cal.Rptr.2d 374]), we do not reach the same ultimate conclusion as do the People.

Contrary to their position the existing cases on the subject reveal the permissive language of section 12022.5, subdivision (d) when read with the mandatory language of section 12022.5, subdivision (a) requires a court to impose the punishment for the gun use enhancement in cases of assault with a firearm or where a firearm is used in the assault with a deadly weapon, the authorities cited which hold a court has the power to impose such additional

punishment do not expressly find such to be mandatory. (See *People* v. *Hill, supra,* 207 Cal.App.3d at pp. 1576-1579; *People* v. *Martinez, supra,* 194 Cal.App.3d at pp. 21-22; *People* v. *Moore, supra,* 178 Cal.App.3d at p. 903.)

When the trial court considered the issue in this case and the parties first briefed the matter on appeal, no case had yet determined whether a court has discretionary power under section 12022.5, subdivision (d) not to impose the additional punishment for a personal gun use enhancement that is an element of an underlying assault offense for which a defendant is convicted. However, on September 26, 1995, during the pendency of this appeal, the Second Appellate District, Division Six confronted a similar issue in *People* v. *Vacca* (1995) 38 Cal.App.4th 804 [45 Cal.Rptr.2d 483] and determined: "A fair reading of section 12022.5, subdivisions (a) and (d) lead us to hold that where, as here, use of a firearm is an 'element' of the underlying offense, the general rule that punishment for a section 12022.5 finding is mandatory [(§ 1170, subd. (d))], has no application. In these limited situations, the trial court *has discretion* to impose such additional punishment." (*Id.* at pp. 807-808, italics added.)

After careful review of section 12022.5, subdivisions (a) and (d) in light of well-established rules of statutory construction,[6] we agree with the result reached in *Vacca* and further construe the Legislature's purposeful use of the permissive word "may" in subdivision (d) as granting the trial court discretion to determine whether or not to impose the punishment for a personal firearm use enhancement when such is an element of a section 245 defined assault conviction for which a defendant is currently being punished.

There is a clearly demonstrated legislative intent and purpose behind section 12022.5, subdivision (a) to increase punishment in those situations

---

[6]Although "[t]he fundamental purpose of statutory construction is to ascertain the intent of the lawmakers so as to effectuate the purpose of the law[,] . . . we do not construe statutes in isolation, but rather read every statute 'with reference to the entire scheme of law of which it is part so that the whole may be harmonized and retain effectiveness.' [Citation.]" (*People* v. *Pieters* (1991) 52 Cal.3d 894, 898-899 [276 Cal.Rptr. 918, 802 P.2d 420].) In so harmonizing, particular or specific provisions will generally take precedence over conflicting general provisions. (Code Civ. Proc., § 1859; *Agricultural Labor Relations Bd.* v. *Superior Court* (1976) 16 Cal.3d 392, 420 [128 Cal.Rptr. 183, 546 P.2d 687].)

Further, in construing any particular provision of a statute, we do not insert words into it as such would "violate the cardinal rule that courts may not add provisions to a statute. [Citations.]" (*Adoption of Kelsey S.* (1992) 1 Cal.4th 816, 827 [4 Cal.Rptr.2d 615, 823 P.2d 1216].) Nor can we rewrite the statute to conform to an assumed intent that does not appear from its plain language. (*Napa Valley Wine Train, Inc.* v. *Public Utilities Com.* (1990) 50 Cal.3d 370, 381 [267 Cal.Rptr. 569, 787 P.2d 976].) We presume the Legislature in amending a statute is aware of existing laws and amends such in light of those laws. (See *People* v. *Hernandez* (1988) 46 Cal.3d 194, 201 [249 Cal.Rptr. 850, 757 P.2d 1013].) If, however, an ambiguity exists in a penal statute, the construction more favorable to the defendant will generally be adopted. (*People* v. *Davis* (1981) 29 Cal.3d 814, 828 [176 Cal.Rptr. 521, 633 P.2d 186].)

where a gun is used in the commission of a crime (see, e.g., *People* v. *Fierro* (1991) 1 Cal.4th 173, 225-226 [3 Cal.Rptr.2d 426, 821 P.2d 1302]) and the Legislature has taken away the court's discretion to strike such enhancements under sections 1170.1, subdivision (h) and 1385 when the gun use is not an element of the crime for which a defendant stands convicted (see *People* v. *Thomas, supra,* 4 Cal.4th at pp. 209-213). We therefore find the plain language of section 12022.5, subdivision (d) unambiguous and presume the Legislature meant what it said when it used the word "may" to grant an exception to the long-established proscription in section 12022.5, subdivision (a) to not impose additional punishment for the personal gun use if such were an element of the offense.

The People would have us replace this permissive language with "shall," in essence asking us to rewrite the statute to make the imposition of such enhancement mandatory. This we cannot do. Clearly the Legislature knew the type of language necessary to draft a mandatory versus a permissive subdivision of section 12022.5. When it crafted the subdivision (d) exception, the Legislature used permissive language in a statute replete with mandatory language. If it had wanted the exception to be mandatory, it would have used "shall" as it did in subdivisions (a) through (c), (e) and (f) of the same section. Rather the Legislature's choice of language in creating the subdivision (d) exception evidences a balance between two competing yet well-recognized legal principles: 1) Not to use an element of a crime twice to punish a defendant, and 2) to impose increased punishment for those defendants who personally use a gun to commit a crime. We thus conclude the trial court correctly determined it had discretion under section 12022.5, subdivision (d) to not impose the additional punishment for the gun use in this case.

Our resolution of this issue, however, does not entirely resolve the matter before us. Although the People have not challenged the court's exercise of the trial court's discretion as abusive, they argue the stay of the additional punishment for the personal firearm use enhancement is unauthorized because the court stated it was doing so under section 654. Campbell essentially concedes the court technically imposed and stayed sentence on his firearm use enhancement under section 654, arguing we should uphold the court's exercise of discretion and the stay of his enhancement term because the court's ultimate ruling was correct. (See *In re Jonathan B.* (1992) 5 Cal.App.4th 873, 876 [7 Cal.Rptr.2d 277], quoting *United Pacific Ins. Co.* v. *Hanover Ins. Co.* (1990) 217 Cal.App.3d 925, 933 [266 Cal.Rptr. 231].) Our review of the record, however, reveals the stay of the enhancement term was proper.

In staying the term, the sentencing judge referred to having discretion to not impose the additional punishment under section 12022.5, subdivision (d)

and stated he was doing so because he believed such was appropriate in this case as it was an element of the offense and based on section "654 criteria." We do not read the court's reliance on the factors under section 654 to equate with the court using that statute for its authority to stay the additional term. The court clearly determined it was provided such power under section 12022.5, subdivision (d) when it resolved that matter based on the parties' points and authorities and arguments at sentencing.[7] No error is shown.[8]

## DISPOSITION

The judgment is affirmed.

Benke, Acting P. J., and Haller, J., concurred.

Appellant's petition for review by the Supreme Court was denied March 21, 1996. Kennard J., was of the opinion that the petition should be granted.

---

[7]The court did not strike the enhancement because it did not think it had the authority to do so. Such assessment appears correct in light of *People* v. *Thomas, supra,* 4 Cal.4th at pages 213-214. However, because the court had discretion to determine whether to impose the enhancement, which could in effect limit Campbell's total prison term, we believe California Rules of Court, rule 447 provides the court the procedural mechanism to carry out its exercise of discretion not to impose such additional punishment. That rule in pertinent part states: "No finding of an enhancement shall be stricken or dismissed because imposition of the term is either prohibited by law or exceeds limitations . . . . The sentencing judge shall impose sentence for the aggregate term of imprisonment computed without reference to those prohibitions and limitations, and shall thereupon stay execution of so much of the term as is prohibited or exceeds the applicable limit. The stay shall become permanent upon the defendant's service of the portion of the sentence not stayed."

[8]The court minutes erroneously reflect the court was staying under section 654 when in fact the court did not state it was doing so in its oral pronouncement at sentencing. Such is not fatal because the abstract of judgment correctly reflects the stay of the firearm use enhancement without reference to section 654.