[No. C032124. Third Dist. Aug. 15, 2000.]

THE PEOPLE, Plaintiff and Respondent, v.
SHADEVEN JASON HARPER, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*\*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of FACTS and parts I, II, and VI of the DISCUSSION.

**COUNSEL**

James H. Dippery, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, John A. O'Sullivan and Jean M. Marinovich, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**SIMS, Acting P. J.**—Defendant Shadeven Jason Harper was accused of committing assault with a semiautomatic firearm on a peace officer (count 1; Pen. Code, § 245, subd. (d)(2) [all further undesignated section references are to the Penal Code]), grossly negligent discharge of a firearm (count 2; § 246.3), and being a felon in possession of a firearm (count 3; § 12021, subd. (a)). It was alleged as to count 1 that defendant was personally armed in the commission of the offense (§ 12022.5, subd. (a)); it was further alleged that he had suffered a prior conviction under section 245, subdivision (a)(1) (assault with a deadly weapon) which qualified as a strike (§ 667, subds. (b)-(i)) and for a five-year enhancement (§ 667, subd. (a)(1)).

A jury convicted defendant of the lesser offense of violating section 245, subdivision (b) (assault with a semiautomatic firearm) on count 1; it also convicted him of the offenses charged in counts 2 and 3 and found the gun enhancement true. In a bifurcated proceeding, the trial court found the prior conviction allegation true. The court sentenced defendant to a total state prison term of 21 years (the midterm of six years on count 1, doubled under the three strikes law, plus four years for the gun enhancement, plus five years for the prior conviction enhancement, with sentences on counts 2 and 3 imposed but their execution stayed under § 654).

On appeal, defendant contends: (1) The trial court abused its discretion by denying him a midtrial continuance to secure the testimony of a sick witness. (2) The trial court abused its discretion by denying defendant's new trial motion based on jury misconduct. (3) The trial court imposed an unauthorized four-year sentence under section 12022.5. (4) The trial court imposed an unauthorized sentence condition by ordering the destruction of the firearm. (5) The trial court imposed an unauthorized order suspending defendant's driver's license for five years. (6) The trial court erred by failing to award defendant proper good-time/work-time credits under section 4019.

In the published portion of the opinion, we consider contentions (3), (4), and (5). In the unpublished portion of the opinion, we consider and reject defendant's other contentions. We shall strike the order suspending defendant's driver's license and otherwise affirm.

FACTS*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

DISCUSSION

I, II*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

III

■ Defendant contends the trial court could not properly impose a four-year enhancement under section 12022.5, subdivision (a). We disagree.

Section 12022.5, subdivision (a), provides: ". . . Except as provided in subdivisions (b) and (c), any person who personally uses a firearm in the commission or attempted commission of a felony shall, upon conviction of that felony or attempted felony, in addition and consecutive to the punishment prescribed for the felony or attempted felony of which he or she has been convicted, be punished by an additional term of imprisonment in the state prison for 3, 4, or 10 years, *unless use of a firearm is an element of the offense of which he or she was convicted.* . . ." (Italics added.)[3]

Section 12022.5, subdivision (d), provides: ". . . *The additional term provided by this section may be imposed in cases of assault with a firearm*

---

*See footnote, *ante*, page 1413.

[3]Section 12022.5, subdivision (b), creates exceptions for felonies or attempted felonies involving the discharge of a firearm at an occupied motor vehicle causing great bodily injury or death, and for felonies or attempted felonies involving the personal use of an assault weapon or machinegun. Section 12022.5, subdivision (c), creates an exception for felonies or

*under paragraph (2) of subdivision (a) of Section 245, or assault with a deadly weapon which is a firearm under Section 245*, or murder if the killing was perpetrated by means of shooting a firearm from a motor vehicle, intentionally at another person outside of the vehicle with the intent to inflict great bodily injury or death." (Italics added.)

Defendant was convicted under section 245, subdivision *(b)*, which criminalizes assault with a *semiautomatic* firearm (not with a "mere" firearm, like subd. (a)(2)). Defendant reasons that since this offense is not specified as an exception either under subdivision (a) or subdivision (d) of section 12022.5, to impose an enhancement under section 12022.5 for his conviction is unauthorized. The flaw in defendant's argument is that subdivision (d) *does* specify defendant's offense as an exception. It does so by its reference to "assault with a deadly weapon which is a firearm under Section 245." Properly understood, that language includes semiautomatic weapons, which are both deadly weapons and firearms.

A contention essentially similar to defendant's was rejected in *People v. Martinez* (1987) 194 Cal.App.3d 15 [239 Cal.Rptr. 272] *(Martinez)*. There, the defendant argued that his conviction under section 245, subdivision (c) (assault with a firearm upon a peace officer) did not permit an enhancement under section 12022.5 because section 245, subdivision (c), did not come within the exceptions spelled out in section 12022.5. (194 Cal.App. 3d at p. 18.) The Court of Appeal concluded that the enhancement was proper under the correct construction of section 12022.5.

The court found first that the express terms of section 12022.5 did not resolve the issue because the pertinent clause—"assault with a deadly weapon which is a firearm under Section 245"—is inherently ambiguous. On its face, the clause could reasonably be construed either to apply only to subdivisions (a)(1) and (b) of section 245 (proscribing assaults "with a deadly weapon"), as the defendant argued, or to "any assault which is a violation of section 245, in which a firearm is used" (which would encompass the defendant's offense). Therefore it was necessary to look to legislative intent, as revealed in the legislative history of sections 245 and 12022.5. *(Martinez, supra,* 194 Cal.App.3d at p. 19.)

The court noted that as originally enacted, section 245 divided felonious assault into two categories which did not distinguish between the use or nonuse of a firearm or deadly weapon: they distinguished only between assaults committed on persons in general (committed either with a deadly

---

attempted felonies under various provisions of the Health and Safety Code in which the defendant personally used a firearm.

weapon or by any means likely to cause great bodily injury) and those committed on peace officers or firemen. (*Martinez, supra,* 194 Cal.App.3d at p. 19.) Under that version of section 245, use of a firearm was not an element of the crime of assault with a deadly weapon; thus a firearm use enhancement under section 12022.5 could be imposed on any offense named in the statute. (194 Cal.App.3d at p. 20.)

During the 1981-1982 legislative session, section 245 was amended to create four discrete categories of felonious assault. Of these, new subdivisions (a)(2) (assault with a firearm upon the person of another) and (c) (assault with a firearm upon the person of a peace officer or fireman) included the use of a firearm as an element, and also imposed greater punishment than the subdivisions which defined offenses not committed with firearms. (*Martinez, supra,* 194 Cal.App.3d at p. 20.) During the same legislative session, section 12022.5 was ultimately amended to read as it now does: " 'The additional term provided by this section may be imposed in cases of assault with a firearm under paragraph (2) of subdivision (a) of Section 245, or assault with a deadly weapon which is a firearm under [subdivision (b)] of Section 245.' " (*Martinez, supra,* 194 Cal.App.3d at p. 21, quoting Sen. Amend. to Assem. Bill No. 3314 (1981-1982 Reg. Sess.) Aug. 9, 1982.)

Committee reports, partisan legislative caucus reports, and the Legislative Counsel's Digest, describing the combined effect of the amendments to sections 245 and 12202.5, agreed that the purpose of the amendments to section 12022.5 was to "preserve the status quo ante by providing that the use enhancement charge 'applies to a deadly weapon which is a firearm.' (Legis. Counsel's Dig., Assem. Bill No. 3314, Stats. 1982, ch. 1404 (Reg. Sess.).)" (*Martinez, supra,* 194 Cal.App.3d at p. 23.) If section 12022.5 had not been thus amended, the Legislature's "creation of separate crimes of assault 'with a firearm' (§ 245, subds. (a)(2), (c)) might [have] interfere[d] with the existing practice of allowing firearm-use enhancements to be imposed for any section 245 violation in which the defendant *personally* used a firearm." (*Ibid.,* original italics.) In short, the Legislature did not intend, by specifying particular crimes under section 245 for which firearm-use enhancements could be imposed, to preclude their imposition for other crimes under section 245. (194 Cal.App.3d at pp. 23-24.)

We conclude that the analysis of *Martinez* applies by logical extension to the issue before us. If "assault with a deadly weapon which is a firearm under Section 245" (§ 12022.5, subd. (d)) includes the offense defined in section 245, subdivision (c), it necessarily also includes the offense defined in section 245, subdivision (b), under which defendant was convicted,

Defendant's statutory argument to the contrary fails. Both this court (*People v. Johnson* (1996) 51 Cal.App.4th 1329 [59 Cal.Rptr.2d 798]) and the Sixth District (*People v. Joachim* (1995) 38 Cal.App.4th 1526 [45 Cal.Rptr.2d 630]) have reached the same result using somewhat different analyses.[4]

The trial court properly imposed a four-year enhancement for defendant's personal use of a firearm.

## IV

■ Defendant contends that the trial court imposed an unauthorized sentence condition by ordering the firearm confiscated at the crime scene destroyed. We disagree.

As defendant acknowledges, section 12022.5, subdivision (e), requires that if the court finds the defendant owns the firearm which he personally used in committing or attempting to commit a felony, the court shall order the firearm to be destroyed. He claims that this provision does not apply to him because he did not admit ownership of the firearm and the prosecution did not prove that he owned it. The argument fails.

If defendant owned the gun, the provision applies. If he did not, he lacks standing to challenge the order because it does not infringe on any personal interest of defendant's. (See, e.g., *People v. Barnett* (1998) 17 Cal.4th 1044, 1137-1138 [74 Cal.Rptr.2d 121, 954 P.2d 384]; *People v. Douglas* (1990) 50 Cal.3d 468, 501 [268 Cal.Rptr. 126, 788 P.2d 640] [stating general principles of standing].) Either way, he can raise no cognizable claim of error.

## V

Defendant contends the trial court imposed an unauthorized sentence condition by ordering his driver's license suspended for five years, because no code provision permitted this condition. The People concede the point.

[4]At the end of the discussion in defendant's opening brief, he includes a single paragraph asserting that "failure to exclude the 'other' firearm subsections of section 245 from the operation of section 12022.5 would deprive Mr. Harper and others similarly situated of equal protection of the laws under the United States and California Constitutions." He does not set out this distinct argument under a separate heading. Nor does he cite any authority other than the constitutional provisions. Nor does he make any argument, other than the unsupported assertion that a defendant convicted under a different statute would not be subject to a section 12022.5 enhancement. We conclude that an argument raised in such perfunctory fashion is waived. (Cal. Rules of Court, rule 15(a); *People v. Turner* (1994) 8 Cal.4th 137, 214, fn. 19 [32 Cal.Rptr.2d 762, 878 P.2d 752]; *People v. Hardy* (1992) 2 Cal.4th 86, 150 [5 Cal.Rptr.2d 796, 825 P.2d 781]; *Opdyk v. California Horse Racing Bd.* (1995) 34 Cal.App.4th 1826, 1830-1831, fn. 4 [41 Cal.Rptr.2d 263].)

(As they note, Vehicle Code sections 13200 through 13209 describe the complete range of situations in which an order of license suspension or revocation is permitted. None fit this case.)[5] We shall order this sentence condition stricken.

## VI*

. . . . . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

The order suspending defendant's driver's license is stricken. In all other respects, the judgment and sentence are affirmed.

Morrison, J., and Callahan, J., concurred.

On August 25, 2000, the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied December 13, 2000.

---

[5]When defendant asked the trial court what code section authorized this condition, the court replied: "Damn if I know. But it's suspended five years. Why don't you appeal that? Maybe I'm wrong." The court was right to think it was wrong.

*See footnote, *ante*, page 1413.