Filed 10/2/13  P. v. Lam CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C071842 |
| v. | (Super. Ct. No. 12F00229) |
| TIMOTHY LAM, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Timothy Lam asked this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Defendant filed a supplemental brief[1] contending (1) his trial counsel rendered ineffective assistance during plea negotiations, (2) his appellate counsel rendered ineffective assistance, (3) the prosecutor suborned perjury and knew a

---

[1] Defendant's request to dismiss his appointed appellate counsel was denied.

1

witness was going to lie, and (4) the prosecutor vouched for the credibility of a witness the prosecutor knew to be untruthful and failed to correct the witness's statement. We conclude none of defendant's contentions has merit.

FACTS

***Prosecution Case-in-Chief***

On December 28, 2011, Jason Wheeler was staying at the apartment of his friend Steve Buckley. During the stay, Buckley borrowed Wheeler's white pickup truck to run an errand.

At 5:00 a.m. the next day, Wheeler began getting ready for work. Around 5:30 a.m., two friends of Buckley -- defendant and a woman named Melia -- arrived at the apartment. Melia proceeded to Buckley's bedroom and closed the door while defendant and Wheeler remained in the living room. After a few minutes, defendant left to go to a store.

While defendant was away, Wheeler asked Buckley for the keys to Wheeler's truck. Buckley said they were in the front room. Wheeler searched the front room and kitchen but did not find the keys. Defendant returned during the search and denied having the keys.

Wheeler heard the clinking of his keys and saw Melia shove an object down the front of her pants. Believing Buckley and Melia were playing a joke on him, Wheeler proceeded to the bathroom and started cleaning his teeth. While in the bathroom, Wheeler heard the sound of his truck moving and ran outside. Wheeler testified that the sun "wasn't out yet," but "[i]t was coming up." The day was clear and the skies were blue.

In the available light, Wheeler saw defendant backing the truck out of the apartment complex. Wheeler also saw Melia, who was sitting in her own car on the street

2

outside the complex. After defendant observed Wheeler outside the apartment, defendant and Melia drove away. Wheeler reentered the apartment and, at 7:01 a.m., he called 911. He told the 911 operator his truck had been stolen five minutes earlier.

Six days after the theft, police found Wheeler's truck. Wheeler's watches, jewelry, compact discs, and photographs were missing from the truck. Because the key also was missing, a locksmith re-keyed the ignition switch.

### Defense

The defense rested without presenting evidence or testimony.

### Verdict and Sentence

A jury found defendant guilty of driving or taking a vehicle. (Veh. Code, § 10851, subd. (a).) The trial court found he had a prior serious felony conviction (Pen. Code, §§ 667, subds. (b)-(i), 1170.12)[2] and a prior vehicle theft conviction (§ 666.5, subd. (a)). The court also found defendant had served four prior prison terms. (§ 667.5, subd. (b).)

Defendant was sentenced to prison for 12 years, consisting of twice the upper term of four years (§ 666.5, subd. (a)) plus four years for the prior prison terms. He was awarded 197 days' custody credit and 196 days' conduct credit, ordered to make restitution to the victim, and ordered to pay a $200 restitution fine (§ 1202.4), a $200 restitution fine suspended unless parole is revoked (§ 1202.45), a $40 court operations fee (§ 1465.8, subd. (a)(1)), and a $30 court facilities assessment (Gov. Code, § 70373).

---

[2] Undesignated statutory references are to the Penal Code.

DISCUSSION

# I

## *Ineffective Assistance of Trial Counsel*

Defendant contends his trial counsel rendered ineffective assistance when he advised defendant to reject multiple negotiated plea agreements. The claim is not properly before us.

### *Plea Offers*

The minutes for March 29, 2012, reflect a plea offer of 32 months, consisting of twice the low term of 16 months. There is no oral record of this offer.

On June 14, 2012, the prosecutor placed a second plea offer on the record as follows: "I would obviously entertain any counteroffers from [defendant], but we've sort of been through this already. It would be two years on the [Vehicle Code section] 10851, doubled to four by virtue of the strike prior. I'd dump all of his one-year priors."

The trial court responded: "All right. The little I know about the case, that sounds like a fair offer. But then, again, I don't know all the facts. So it's hard for me to make a final judgment on that. [¶] Based upon what I know and what I've heard happened, some other things related to this defendant, sounds like a fair offer to me, but obviously [defendant] knows he has a right to a trial, jury trial."

Defendant did not accept either plea offer and proceeded to jury trial.

### *Analysis*

Defendant argues he had pled guilty many times in the past and would have done so in this case had his appointed trial counsel rendered proper advice. Specifically, defendant claims he had not known Wheeler had identified him as the thief, a fact that "all by itself almost guarantees a conviction at trial." In defendant's view, appointed trial

4

counsel should have advised him that "his ability to prevail despite being innocent was very low."

" ' "[If] the record on appeal sheds no light on why counsel acted or failed to act in the manner challenged[,] . . . unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation," the claim on appeal must be rejected.' [Citations.] A claim of ineffective assistance in such a case is more appropriately decided in a habeas corpus proceeding. [Citations.]" (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266-267 (*Mendoza Tello*).)

The appellate record does not indicate what advice appointed trial counsel rendered with respect to the plea offers or what factors may have influenced trial counsel's advice and recommendation. Nor does the record show there could be no satisfactory reason for trial counsel to have advised defendant to take this case to trial. Thus, we must reject defendant's claim on appeal. (*Mendoza Tello, supra,* 15 Cal.4th at pp. 266-267.)

In accordance with *Mendoza Tello*, defendant raised his claim of ineffective assistance of counsel in a petition for habeas corpus. (*In re Timothy Lam on Habeas Corpus,* Case No. C073659.) At his request, we take judicial notice of the petition he filed in that case. (Evid. Code, §§ 452, subd. (d)(1), 459, subd. (a).) This court denied defendant's petition on May 9, 2013.

## II

### *Ineffective Assistance of Appellate Counsel*

Defendant contends his appointed appellate counsel rendered deficient performance in that she "filed a *Wende* brief when there are several meritorious grounds in [defendant's] underlying case." He claims appellate counsel's deficient performance was prejudicial because, on his own, he has "found at least four issues and articulates

5

them here in the headings and in the text with reference to the constitutional violations of established federal law by the United States Supreme Court." Defendant's claim has no merit.

" ' "[I]n order to demonstrate ineffective assistance of counsel, a defendant must first show counsel's performance was 'deficient' because his [or her] 'representation fell below an objective standard of reasonableness . . . under prevailing professional norms.' [Citation.] Second, he [or she] must also show prejudice flowing from counsel's performance or lack thereof. [Citation.] Prejudice is shown when there is a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' [Citations.]" [Citation.]' " (*People v. Avena* (1996) 13 Cal.4th 394, 418; fn. omitted.)

As we explain in parts I, III, and IV of this opinion, the issues defendant identified in his supplemental brief have no merit. Thus, appointed appellate counsel was not deficient for having failed to raise the issues.

### III

### *Subornation*

Defendant contends the prosecutor "suborned" perjury and knew victim Wheeler was going to lie about facts related to the 911 call. Defendant further contends the trial court abused its discretion when it allowed the 911 call to be admitted into evidence. Neither contention has merit.

The premise of defendant's argument is that "Ninety-one minutes elapsed between when [the victim]'s truck is stolen and [when] he calls 9-1-1." From that premise, defendant argues Wheeler was not telling the truth "on the phone during the 9-1-1 call which occurred at 7:01 a.m.," when Wheeler claimed the truck had been stolen just five

6

minutes earlier. Defendant claims the prosecutor *knew*, contrary to his motion in limine, the 911 call was not a spontaneous utterance for purposes of the hearsay rule (Evid. Code, § 1240) and was "in fact false evidence." Defendant further claims the trial court abused its discretion when it allowed the 911 call to be admitted into evidence "without any explanation for the 91-minute gap between the theft and the phone call."

Defendant's arguments fail because his sole citation to the record (in his statement of facts) does not establish the existence of a 91-minute gap. The cited material indicates Wheeler was uncertain of the time defendant and Melia arrived at Buckley's residence (sometime between 5:00 a.m. and 5:45 a.m.). Wheeler explained that, at that time, "it was dark out [and] the sun had not come out yet." But the record does not establish how much time elapsed between the 5:00 a.m. to 5:45 a.m. arrival of defendant and Melia and the theft of Wheeler's truck. Thus, the record does not suggest Wheeler was lying when he testified that, at 7:01 a.m., the sun "wasn't out yet" but "was coming up." Nor does the record suggest Wheeler was lying when he told the 911 operator his truck had been stolen five minutes earlier.

Finally, although defendant's supplemental brief states at several places that the prosecutor "suborned" perjury, the brief cites no evidence and makes no argument that the prosecutor engaged in subornation, i.e., offered a bribe or other inducement for the purpose of obtaining perjury. Any such claim is forfeited. (*People v. Harper* (2000) 82 Cal.App.4th 1413, 1419, fn. 4.)

## IV

### *Vouching for Witness*

Defendant contends the prosecutor vouched for the credibility of Wheeler, a witness he knew was untruthful. Defendant further contends the prosecutor failed to

correct Wheeler's false statements about the sun coming up and about defendant and Melia arriving at 5:00 a.m.

In part III, *ante*, we rejected defendant's claims that Wheeler's statements were false. This leaves the issue of whether the prosecutor vouched for Wheeler. We conclude he did not.

In his closing summation, the prosecutor discussed Wheeler as follows:

"That guy is not coming in here and making up lies. What reason would he have to do that? Ask yourself that. Maybe the guy isn't the perfect witness. He certainly isn't the perfect human being, certainly has his own way of dealing with things that probably you wouldn't want to employ yourself in a similar situation. Blame him for that. Go ahead. But don't fall for these particular tricks that are being employed right now saying he's a liar about it.

"It's obvious that he had his truck stolen. He called and reported it stolen. And he gave great details about how it was stolen by this guy right here.

"[Defense counsel] also talked about how Detective Reese was unwilling to talk to [the victim] about the inconsistencies. I do remember [defense counsel] asking [Detective] Reese: Did you confront [the victim] about these inconsistencies?

"Well, the one thing [defense counsel] didn't tell you was what the detective's response was. 'I didn't see any.' That was his testimony. 'I didn't see any inconsistencies with what he was telling me from day one to day two."

Defendant's claim of vouching was forfeited by his failure to object. (*People v. Williams* (2013) 56 Cal.4th 165, 193.) In any event, the vouching claim fails on the merits.

The prosecutor did not place the prestige of the government behind Wheeler through personal assurances of veracity, or suggest that information not presented to the

8

jury supported his testimony.  (*People v. Williams, supra,* 56 Cal.4th at p. 193; see *People v. Zambrano* (2007) 41 Cal.4th 1082, 1167, overruled on other grounds in *People v. Doolin* (2009) 45 Cal.4th 390, 421, fn. 22; *People v. Fierro* (1991) 1 Cal.4th 173, 211.)  Rather, the prosecutor's assurances were " 'based on the "facts of [the] record and the inferences reasonably drawn therefrom, rather than any purported personal knowledge or belief." ' "  (*People v. Zambrano, supra*, at p. 1167.)  Thus, the prosecutor's " 'comments cannot be characterized as improper vouching.'  [Citation.]"  (*Ibid*.)

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.


      HOCH      , J.


We concur:


      RAYE      , P. J.


      ROBIE      , J.