Filed 11/16/15  P. v. Lawrence CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>   v.<br><br>CONRAD LESLIE LAWRENCE,<br><br>      Defendant and Appellant. | C076794<br><br>(Super. Ct. No. CRF130003667) |

The trial court denied defendant Conrad Leslie Lawrence's application for a certificate of rehabilitation and pardon (Pen. Code, § 4852.01)[1] regarding his 1986 conviction for lewd and lascivious acts with a person under the age of 14 in violation of section 288, subdivision (a) (hereafter section 288(a)).  On appeal, defendant contends the trial court abused its discretion in denying the application, resulting in a miscarriage

---

[1]    Unspecified statutory references are to the Penal Code.

1

of justice. He further contends the denial was a violation of his constitutional right to equal protection of the laws under the state and federal Constitutions.

We disagree and affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

In 1986, defendant was convicted in the Sacramento County Superior Court of one count of lewd or lascivious acts on a child under the age of 14. (§ 288(a).) The Sacramento County trial court placed defendant on three years of formal probation subject to terms and conditions, including 30 days in county jail. The conviction subjected defendant to lifetime mandatory sex offender registration pursuant to section 290, subdivisions (b) and (c).

Defendant's term of probation expired on May 1, 1989.

On August 1, 2013, defendant petitioned the Yolo County Superior Court for a certificate of rehabilitation and pardon regarding his section 288(a) conviction. Defendant's petition was filed pursuant to section 4852.01. Subdivision (c) of that section provides: "Any person convicted of a felony or any person who is convicted of a misdemeanor violation of any sex offense specified in Section 290, the accusatory pleading of which has been dismissed pursuant to Section 1203.4, may file a petition for certificate of rehabilitation and pardon pursuant to the provisions of this chapter if the petitioner has not been incarcerated in any prison, jail, detention facility, or other penal institution or agency since the dismissal of the accusatory pleading and is not on probation for the commission of any other felony, and the petitioner presents satisfactory evidence of five years residence in this state prior to the filing of the petition."

At the initial hearing on defendant's petition, the trial court continued the matter for defendant to gather additional information, namely, confirmation of dismissal of the conviction pursuant to section 1203.4, confirmation that defendant had been a resident of

2

California for at least five years, and a declaration explaining defendant's terms of probation.[2]

According to the original probation report (prepared May 23, 2014) and the amended probation report (prepared June 6, 2014), defendant filed a motion in the Sacramento County Superior Court in November 2013 to reduce his section 288(a) conviction to a misdemeanor pursuant to section 17, subdivision (b), and to dismiss the conviction pursuant to section 1203.4. Defendant's motion was not included in the record on appeal. The amended probation report indicates the Sacramento County trial court heard defendant's motion on December 11, 2013, and denied it on December 18, 2013. The transcript of the hearing and the court's order denying the motion are similarly absent from the appellate record.

At the June 13, 2014, continued hearing on defendant's petition, the Yolo County trial court noted the original probation report and the amended probation report arrived at "two completely opposite conclusions,"[3] but found that "the amended report comes to the legally warranted conclusion." The court concluded as follows: "The probation officer points out that [defendant] made a motion for reduction and dismissal in [Sacramento]

---

[2] Although there appeared to be some confusion at the hearing as to whether defendant had been convicted in 1986 of violating section 288, subdivision (a), a felony, or section 647, subdivision (a), a misdemeanor, the record contains no further discussion on that point and defendant's appellate briefing, as well as his petition for rehabilitation and pardon, concede that his 1986 conviction was for a violation of section 288(a).

[3] The original probation report noted defendant's motion for reduction and dismissal was heard and denied in Sacramento County. However, the report further noted "[t]here is no record of this case ever being heard or decided in Yolo County," and recommended defendant be ordered to file his section 4852.01 petition "as the case was never heard or decided in Yolo County, and we do not have access to the relevant case documents."

The amended probation report noted defendant's motion for reduction and dismissal was heard and denied in Sacramento County, and recommended defendant's section 4852.01 petition be denied on that basis.

3

county on December 18th of 2013.  That motion was denied.  Pursuant to Penal Code Section 4852.01, Subdivision [(c)], I cannot grant a petition for certificate of rehabilitation unless the defendant has proof that the underlying charges have been dismissed under [section] 1203.4.  Based on the information in the latest probation report, I would deny the request for a certificate of rehabilitation at this time."

Defendant filed a timely notice of appeal.

DISCUSSION

Defendant contends the trial court erred in denying his petition for certificate of rehabilitation.  (§ 4852.01.)  He first asserts in passing that the trial court abused its discretion because it "had two different probation reports that stated two entirely different conclusions."  (Emphasis omitted.)  He does not, however, expand on the issue with either argument or citation to relevant authority.  Defendant bears the burden of showing both error and prejudice.  (*People v. Coley* (1997) 52 Cal.App.4th 964, 972.)  Claims made in passing and without factual or legal analysis require no further discussion.  (Cal. Rules of Court, rule 8.204(a)(1)(B); *Atchley v. City of Fresno* (1984) 151 Cal.App.3d 635, 647; *People v. Harper* (2000) 82 Cal.App.4th 1413, 1419, fn. 4 [an argument is forfeited if it is raised in a perfunctory fashion without any supporting analysis and authority].)

Defendant also asserts that the trial court's denial of his petition violated equal protection under the state and federal Constitutions.  For that proposition, he relies entirely on *People v. Tirey* (2014) 225 Cal.App.4th 1150 (*Tirey*), review granted August 22, 2014, S219050, and cause transferred to the Court of Appeal, Fourth Appellate District, Division Three, for reconsideration in light of *Johnson v. Department of Justice* (2015) 60 Cal.4th 871.  (Cal. Rules of Court, rule 8.528(d).)  The claim is untenable.

First, defendant cites *Tirey* even though he acknowledges the case has been depublished as a result of the Supreme Court's grant of review.  The case is not lawfully

4

citable and will not be considered. (See Cal. Rules of Court, rules 8.1105(e) [with an exception not applicable here, "an opinion is no longer considered published if the Supreme Court grants review"], 8.1115(a) [with exceptions not applicable here, "an opinion of a California Court of Appeal . . . that is not certified for publication or ordered published must not be cited or relied on by a court or a party in any other action"].)

Next, it appears defendant has simply regurgitated, verbatim, or nearly so, portions of *Tirey* and related cases, such as *People v. Tuck* (2012) 204 Cal.App.4th 724, 741 (conc. opn.) and *People v. Hofsheier* (2006) 37 Cal.4th 1185, 1207 (*Hofsheier*), overruled in part by *Johnson v. Department of Justice, supra,* 60 Cal.4th at page 888,[4] such that it is impossible to decipher where language from the cited case ends and analysis, if any, of the facts here begins. Defendant's appellate reply brief mirrors his opening brief and is of no help in that regard. Again, defendant had the burden to support his arguments with analysis and citation to evidence in the appellate record. (*People v. Hardy* (1992) 2 Cal.4th 86, 150; *People v. Galambos* (2002) 104 Cal.App.4th 1147, 1159; *People v. Sangani* (1994) 22 Cal.App.4th 1120, 1135-1136.) He did not do so. His claim is therefore forfeited. (Cal. Rules of Court, rule 8.204(a)(1)(B) [each point in appellate brief must be supported by citation of authority]; *Atchley v. City of Fresno, supra,* 151 Cal.App.3d at p. 647 [lack of authority or analysis constitutes forfeiture].)

Defendant's claim also fails on the merits. Section 4852.01, subdivision (d), states, "This chapter *shall not apply* to . . . persons convicted of a violation of . . . Section 288." Having been convicted of violating section 288(a), defendant was statutorily barred from petitioning for a certificate of rehabilitation.

Finally, we note that the statutory procedure set forth in section 4852.01, provides "an additional, but not an exclusive, procedure for the restoration of rights and

---

**4** *Johnson* overruled in part *Hofsheier* on January 29, 2015, one month after defendant filed his appellate reply brief.

5

application for pardon." (§ 4852.19.) If a trial court grants a section 4852.01 certificate, that certificate constitutes an application for a full pardon, which the Governor may, but is not required to grant. (§ 4852.16.) However, persons convicted of violating section 288, such as defendant, may petition the Governor directly for relief. The Governor may, but is not required to, pardon such persons "if there are extraordinary circumstances." (§ 4852.01, subd. (e); see also § 290.5, subds. (a)(2) & (b)(1) [person convicted of section 288 and required to register under section 290, upon obtaining a certificate of rehabilitation, "shall not be relieved of the duty to register until that person has obtained a full pardon" under section 4852.01].)

DISPOSITION

The judgment is affirmed.


       NICHOLSON     , Acting P. J.


We concur:


     ROBIE          , J.


     BUTZ           , J.