Filed 2/3/16  P. v. Lincoln CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>JAMES ROBERT LINCOLN,<br><br>        Defendant and Appellant. | C078370<br><br>(Super. Ct. No. 14F03908) |

The trial court denied defendant James Robert Lincoln's application for a certificate of rehabilitation and pardon (Pen. Code,[1] former § 4852.01) regarding his 1990 conviction for lewd and lascivious acts with a person under the age of 14 (§ 288, subd. (a), hereafter section 288(a)).  On appeal, defendant contends the trial court abused

---

[1] Unspecified statutory references are to the Penal Code.

its discretion in denying the application, resulting in a miscarriage of justice. We will affirm the judgment.

PROCEDURAL BACKGROUND[2]

In 1990, defendant entered a plea of no contest to one count of lewd or lascivious acts on a child under the age of 14 (§ 288(a)) in exchange for dismissal of a second count charging violation of section 288(a). The trial court sentenced defendant to three years in state prison.

On June 13, 2014, defendant petitioned the trial court for a certificate of rehabilitation and pardon regarding his section 288(a) conviction. Defendant's petition was filed pursuant to former section 4852.01, which provided as follows:

"(a) Any person convicted of a felony who has been released from a state prison or other state penal institution or agency in California, whether discharged on completion of the term for which he or she was sentenced or released on parole prior to May 13, 1943, who has not been incarcerated in a state prison or other state penal institution or agency since his or her release, and who presents satisfactory evidence of a three-year residence in this state immediately prior to the filing of the petition for a certificate of rehabilitation and pardon provided for by this chapter, may file the petition pursuant to the provisions of this chapter.

"(b) Any person convicted of a felony who, on May 13, 1943, was confined in a state prison or other institution or agency to which he or she was committed and any person convicted of a felony after that date who is committed to a state prison or other institution or agency may file a petition for a certificate of rehabilitation and pardon pursuant to the provisions of this chapter.

---

[2] We do not provide a factual summary, as the record contains no factual information regarding defendant's underlying crimes.

2

"(c) Any person convicted of a felony or any person who is convicted of a misdemeanor violation of any sex offense specified in Section 290, the accusatory pleading of which has been dismissed pursuant to Section 1203.4, may file a petition for certificate of rehabilitation and pardon pursuant to the provisions of this chapter if the petitioner has not been incarcerated in any prison, jail, detention facility, or other penal institution or agency since the dismissal of the accusatory pleading and is not on probation for the commission of any other felony, and the petitioner presents satisfactory evidence of five years residence in this state prior to the filing of the petition.

"(d) This chapter shall not apply to persons serving a mandatory life parole, persons committed under death sentences, persons convicted of a violation of Section 269, subdivision (c) of Section 286, Section 288, subdivision (c) of Section 288a, Section 288.5, Section 288.7, or subdivision (j) of Section 289, or persons in military service.

"(e) Notwithstanding any other law, the Governor has the right to pardon a person convicted of a violation of Section 269, subdivision (c) of Section 286, Section 288, subdivision (c) of Section 288a, Section 288.5, Section 288.7, or subdivision (j) of Section 289, if there are extraordinary circumstances."

Prior to the hearing on defendant's petition, the trial court issued its tentative ruling denying the petition on the grounds that the petition (1) was "factually lacking"; (2) failed to "meet th[e] criteria" set forth in the Evidence Code with respect to presentation of evidence; (3) failed to satisfy the conditions for rehabilitation under former section 4852.01 and section 4852.05; and (4) failed on its equal protection challenge.

At the hearing on defendant's petition, the trial court stated its intention to adopt its earlier tentative ruling denying the petition and asked defense counsel, "Any reason that I should not adopt it?" Defense counsel responded, "I can offer no legal basis for that, Your Honor." The court adopted its tentative ruling and denied the petition.

3

Defendant filed a timely notice of appeal.

DISCUSSION

Defendant contends the trial court's denial of his petition for certificate of rehabilitation (former § 4852.01) was an abuse of discretion that resulted in a miscarriage of justice. Defendant's claim is confusing and at times unintelligible, and is devoid of analysis of the facts and the applicable law. To the extent we can discern them, we attempt to address each of defendant's arguments in the order presented.

First, defendant claims the trial court "stated that the issue was addressed in the California Assembly Bill 1438, which was filed with the Secretary of State August 25, 2014" and argues the court erroneously "believed" Assembly Bill No. 1438 (2013-2014 Reg. Sess.; hereafter Assembly Bill 1438) "eliminated the Equal Protection argument."[3]

To avoid forfeiture of his claim, defendant had the burden to support his arguments with analysis and citation to evidence in the appellate record. (*People v. Hardy* (1992) 2 Cal.4th 86, 150; *People v. Galambos* (2002) 104 Cal.App.4th 1147, 1159; *People v. Sangani* (1994) 22 Cal.App.4th 1120, 1135-1136.) He failed to do so and thus forfeits the claim. We note, however, that our review of the record reveals the

---

[3] On August 25, 2014, Assembly Bill 1438 was enacted into law and became operative January 1, 2015. Assembly Bill 1438 amended section 3000.1, subdivision (a)(2), which now reads: "Notwithstanding any other law, in the case of any inmate sentenced to a life term under subdivision (b) of Section 209, if that offense was committed with the intent to commit a specified sexual offense, Section 269 *or* 288.7, subdivision (c) of Section 667.51, Section 667.71 in which one or more of the victims of the offense was a child under 14 years of age, or subdivision (j), (*l*), or (m) of Section 667.61, the period of parole, if parole is granted, shall be the remainder of the inmate's life." (Italics added.) (See Stats. 2014, ch. 280, § 2, eff. Jan. 1, 2015.) The Legislature also amended former section 4852.01, subdivision (d) by adding to, and placing in numerical order, sections 269 and 288.7 to the list of offenses that disqualify persons from seeking a certificate of rehabilitation. (Stats. 2014, ch. 280, § 3, eff. Jan 1, 2015.)

trial court made no mention whatsoever of Assembly Bill 1438 either in its tentative ruling or at the hearing on defendant's petition.

Next, defendant argues in his opening brief that he filed his petition *after* publication of *People v. Tirey* (2014) 225 Cal.App.4th 1150 (*Tirey*), review granted August 20, 2014, S219050, and cause transferred to the Court of Appeal, Fourth Appellate District, Division Three, for reconsideration in light of *Johnson v. Department of Justice* (2015) 60 Cal.4th 871 (*Johnson*), but *before* Assembly Bill 1438 was filed with the Secretary of State. Defendant's reply brief correctly notes that, on January 29, 2015, the Supreme Court reversed the judgment in *Johnson*, overruling *People v. Hofsheier* (2006) 37 Cal.4th 1185 in the process.[4] Defendant argues that, because "the California Legislature did NOT write the law to be retroactively applicable," he is entitled to the same relief as "the Petitioners who filed their Petitions prior to the enactment of the new law" and who "were ultimately granted the Certificate of Rehabilitation they had petitioned for." Defendant further argues Assembly Bill 1438 was not in effect when he filed his petition, thus he is eligible to receive the requested certificate of rehabilitation.

Again, defendant's claim is forfeited for failure to support his arguments with analysis and citation to evidence in the appellate record (*People v. Hardy, supra*, 2 Cal.4th at p. 150; *People v. Galambos, supra*, 104 Cal.App.4th at p. 1159; *People v. Sangani, supra*, 22 Cal.App.4th at pp. 1135-1136) or citation to legal authority (Cal. Rules of Court, rule 8.204(a)(1)(B); *Atchley v. City of Fresno* (1984) 151 Cal.App.3d 635, 647; *People v. Harper* (2000) 82 Cal.App.4th 1413, 1419, fn. 4 [an argument is

---

[4] The *Johnson* court held that, "[i]nasmuch as Johnson's claim for relief rests entirely on *Hofsheier*, we conclude, with respect to his section 288a(b)(2) conviction, that there is no violation of his federal and state constitutional rights to equal protection of the laws in the ongoing requirement that he register as a sex offender pursuant to section 290." (*Johnson, supra*, 60 Cal.4th at p. 888.) The court further held retroactive application was appropriate "where, as here, a sex offender has taken no action in justifiable reliance on the overruled decision." (*Id.* at p. 889.)

forfeited if it is raised in a perfunctory fashion without any supporting analysis and authority].)  And again, we note the trial court's denial of defendant's petition neither expressly nor impliedly relies on Assembly Bill 1438.  We further note that any reliance on *Tirey* is improper, as that case was depublished as a result of the Supreme Court's grant of review.  The case is not lawfully citable and will not be considered.  (See Cal. Rules of Court, rules 8.1105(e)(1) [with an exception not applicable here, "an opinion is no longer considered published if the Supreme Court grants review"], 8.1115(a) [with exceptions not applicable here, "an opinion of a California Court of Appeal . . . that is not certified for publication or ordered published must not be cited or relied on by a court or a party in any other action"].)

Finally, defendant claims he met the criteria required for issuance of a certification of rehabilitation in that he "lived an honest and upright life" after being released from custody, and "has conducted himself with sobriety and industry, exhibited a good moral character and conformed to and obeyed all the laws of the land," as required by section 4852.05.

To the extent this observation, made in passing and without further analysis, is intended to constitute an argument, it must be deemed forfeited.  (Cal. Rules of Court, rule 8.204(a)(1)(B) [each point in appellate brief must be supported by citation of authority]; *Atchley v. City of Fresno, supra*, 151 Cal.App.3d at p. 647 [lack of authority or analysis constitutes forfeiture].)  Even assuming defendant's offense of conviction did not prohibit the filing of a petition for certificate of rehabilitation, defendant failed to provide either "satisfactory evidence of a three-year residence in this state immediately prior to the filing of the petition," as required by section 4852.01, former subdivision (a), or "satisfactory evidence of five years residence in this state prior to the filing of the petition," as required by section 4852.01, former subdivision (c), depending upon which subdivision his petition relied.

6

In any event, defendant's claim fails on the merits. Section 4852.01, former subdivision (d), states, "This chapter *shall not apply* to . . . persons convicted of a violation of . . . Section 288." Having been convicted of violating section 288(a), defendant was statutorily barred from petitioning for a certificate of rehabilitation. Thus, the trial court did not abuse its discretion in denying defendant's petition. (*People v. Lockwood* (1998) 66 Cal.App.4th 222, 227 [trial court's decision to deny a petition for certificate of rehabilitation is reviewed for abuse of discretion].)

### DISPOSITION

The judgment is affirmed.


  /s/
Blease, Acting P. J.


We concur:


  /s/
Nicholson, J.


  /s/
Hoch, J.

7