Filed 4/26/22  P. v. Barrientos CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B312858 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA070845) |
| v. | |
| ALFONSO BARRIENTOS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Lisa M. Strassner, Commissioner.  Affirmed.

Law Offices of Bruce W. Nickerson and Bruce W. Nickerson, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Colleen M. Tiedemann, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

In 2017, appellant Alfonso Barrientos met someone he thought was a 16-year-old girl online and arranged to have sex with her. The girl was in fact a police decoy. Appellant pled no contest to meeting a minor for lewd purposes in violation of Penal Code section 288.4, subdivision (b),[1] which required him to register as a sex offender under section 290. In 2021, the superior court terminated appellant's probation early, but denied his motion to terminate the registration requirement.

On appeal, appellant poses an equal protection challenge to section 290, asserting that registration for certain sex offenders is discretionary, and he should not be subject to mandatory registration because he did not interact with a real minor. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

According to appellant, in January 2017 he was "searching for adult companionship on an adult site called Backpage." Appellant, then age 47, responded to an ad by "Mandy," who was purportedly 19 years old. However, "Mandy" soon told appellant she was 16, about to turn 17. Appellant replied, "Oh good, you are younger. I love it." However, "Mandy" was a police decoy. When appellant arrived at the motel where he and "Mandy" arranged to meet, he was arrested.

Appellant was charged with felony meeting a minor for lewd purposes in violation of section 288.4, subdivision (b), and

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

pled no contest.[2]  In July 2017, the court sentenced appellant to four years in prison, suspended, and five years' formal probation. Appellant was required to register as a sex offender for life under section 290.

In March 2021, appellant moved for early termination of probation, relief under section 1203.4,[3] and termination of the requirement that he register as a sex offender.  The superior court noted that, effective January 1, 2021,  Assembly Bill No. 1950 (2019-2020 Reg. Sess.) modified section 1203.1 to reduce felony probation terms to two years.  (§ 1203.1, subd. (a).) Because appellant had already served two years, the court terminated probation.  The court also granted appellant's motion under section 1203.4.  The court denied appellant's request to terminate the sex offender registration requirement, noting that the registration requirement was not discretionary.

Appellant timely appealed.

## DISCUSSION

Appellant states that he is "asking this court to carve out an exception to the registration requirement" under section 290 "based solely on" the fact that "this crime was created by decoy

---

[2] Appellant was also charged with a misdemeanor of the same crime under section 288.4, subd. (a)(1).  He pled no contest to  the felony count only.

[3] Section 1203.4, subdivision (a) requires the court to permit a defendant who has fulfilled the conditions of probation to obtain relief from the conviction.  "'[S]ection 1203.4 does not, properly speaking, "expunge" the prior conviction.  The statute does not purport to render the conviction a legal nullity.  Instead, it provides that, except as elsewhere stated, the defendant is "released from all penalties and disabilities resulting from the offense."'" (*People v. Vasquez* (2001) 25 Cal.4th 1225, 1230.)

police conduct." He argues that although sex offender registration involves legislative "concern over the exploitation of children," this case "was generated not by a child . . . but rather by police themselves." He contends he should not have to "register for the rest of his life because he simply swallowed the ruse." He also asserts that registration is discretionary for a violation of section 261.5—"unlawful sexual intercourse" with a minor—and contends that mandatory registration for his conviction, by contrast, violates the Equal Protection Clause of the 14th Amendment of the United States Constitution. He argues that "making an agreement to meet a minor mandatorily registrable makes no sense" when registration for "actual consummation of that meeting" would only be discretionary.

Respondent Attorney General asserts that appellant's claim has been forfeited, because he did not object to the sex offender registration requirement at the time of his sentencing. We agree. The registration requirement was imposed at sentencing in 2017. Appellant did not object at the time, and he cannot now, years later, contend that this requirement should be inapplicable to his crime. (See, e.g., *People v. Rogers* (2006) 39 Cal.4th 826, 854 [an equal protection claim may be forfeited where the defendant does not timely object].)

Even if appellant had not forfeited this argument, however, we would reject it.[4] Appellant acknowledges that the Supreme Court in *Johnson v. Department of Justice* (2015) 60 Cal.4th 871 (*Johnson*) rejected a similar equal protection argument regarding mandatory registration under section 290. In that case, the defendant pled guilty to one count of nonforcible oral copulation

---

[4] "We review an equal protection claim de novo." (*People v. Laird* (2018) 27 Cal.App.5th 458, 469.)

by a person over 21 years of age with a minor under 16 years of age under section 288a, subdivision (b)(2), which required the defendant to register as a sex offender under section 290. (*Id.* at p. 876.) The defendant argued that the registration requirement violated the equal protection doctrine under the reasoning of *People v. Hofsheier* (2006) 37 Cal.4th 1185 (*Hofsheier*), which "interpreted the federal and state equal protection clauses as invalidating mandatory sex offender registration for a 22-year-old defendant convicted of nonforcible oral copulation with a person 16 years of age (§ 288a, subd. (b)(1)), for the reason that a same-aged defendant convicted of unlawful sexual intercourse with a same-aged minor (§ 261.5) is subject to discretionary registration." (*Johnson, supra*, 60 Cal.4th at p. 874.)

In *Johnson*, however, the court found that "*Hofsheier*'s constitutional analysis [was] faulty. In particular, it mistakenly concluded that no rational basis exists for subjecting intercourse offenders and oral copulation offenders to different registration consequences." (*Johnson, supra*, 60 Cal.4th at p. 875.) The court observed, for example, that "the very real problem of teen pregnancy and its costly consequences, as well as legislative concern that stigmatization might interfere with employment opportunities and the support of children conceived as a result of unlawful intercourse, offer more than just plausible bases for treating section 261.5 offenders differently than other types of sex offenders." (*Id.* at p. 886.) The court therefore found "a rational basis for the difference in registration consequences as between those convicted of unlawful intercourse and those convicted of nonforcible oral copulation." (*Id.* at p. 889.)

Appellant acknowledges that his argument does not survive *Johnson*, but he nevertheless asserts that we should follow

Justice Werdegar's dissent instead of the majority opinion in that case. Justice Werdegar found the disparity between the registration requirements to be "an anachronistic holdover from a period . . . when oral copulation and sodomy were regarded as abhorrent sexual perversions closely associated with homosexuality and were therefore outlawed regardless of the participants' ages." (*Johnson, supra*, 60 Cal.4th at p. 890 (dis. opn. of Werdegar, J.).) However, decisions of the Supreme Court "are binding upon and must be followed by all the state courts of California." (*Auto Equity Sales, Inc. v. Superior Court of Santa Clara County* (1962) 57 Cal.2d 450, 455.) We decline appellant's invitation to depart from the *Johnson* precedent.

Finally, appellant asserts that a recent change to section 290 "warrants reevaluation of this issue." As respondent accurately points out, appellant "provides absolutely no explanation or authority to support this argument." This contention has therefore been forfeited. (See, e.g., *People v. Harper* (2000) 82 Cal.App.4th 1413, 1419, fn. 4 [perfunctory appellate arguments are forfeited].) In addition, the changes to section 290, subdivision (c)(2) enacted in 2021, which appellant cites, address registration for violations of sections 286, subdivision (b); 287, subdivision (b); and 289, subdivisions (h) and (i)—none of which is relevant here.

We therefore find no error in the superior court's denial of appellant's motion.

**DISPOSITION**

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.


We concur:


WILLHITE, ACTING P.J.


CURREY, J.