Filed 12/12/24  Wang v. Taylor CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| QINGFEN WANG,<br><br>  Plaintiff and Appellant,<br><br>  v.<br><br>THOMAS TAYLOR et al.,<br><br>  Defendants and Respondents. | B334667<br><br>(Los Angeles County<br>Super. Ct. No.<br>21STCV30687) |

APPEAL from judgments of the Superior Court of Los Angeles County, Margaret L. Oldendorf, Judge.  Affirmed.

Law Offices of Ping C. Shen and Ping C. Shen for Plaintiff and Appellant.

Cole Pedroza, Kenneth R. Pedroza and Kristin M. Tannler; Reback, McAndrews & Blessey, Thomas F. McAndrews and Tracy D. Hughes, for Defendants and Respondents.

# I.     INTRODUCTION

Qingfen Wang (plaintiff) brought an action for negligence against the Pasadena Advanced Surgery Institute[1] (PASI) and medical malpractice against Dr. Thomas Taylor (defendants) for injuries she suffered during a medical procedure.  PASI filed a motion for summary judgment that Dr. Taylor joined (defendants' summary judgment motion).  The trial court granted defendants' summary judgment motion and entered judgments in their favor.  On appeal, plaintiff contends the court erred in excluding her evidence and there were triable issues of material fact concerning her causes of action.  We affirm.

# II.     BACKGROUND

## A.     *Plaintiff's First Amended Complaint*

On October 18, 2021, plaintiff filed her first amended complaint.  She alleged she hired Dr. Taylor to perform abdominoplasty surgery on October 12, 2020, at PASI.  When plaintiff awoke from the surgery, her right leg was bandaged and no one explained the nature of her injury or how it happened.

Two weeks later, plaintiff returned to see Dr. Taylor.  He told her she had suffered a minor injury on her thigh, but did not tell her what had happened.  Later, Dr. Taylor gave plaintiff a medical report that stated that "something was wrong with the Bovie pad that was used in the operation, which caused her right thigh to be burned seriously."

---

[1]     Incorrectly named as "Pasadena Advanced Surgery Center" in plaintiff's action.

Dr. Taylor gave plaintiff an ointment for her burn but, after several months, the burn had not healed. The injury began to heal after plaintiff received treatment from a second doctor.

Plaintiff saw a third doctor to evaluate "what had happened during the operation and how the skin can get recovered." That doctor opined plaintiff suffered a third degree burn. With treatment, the burn would have "55% improvement." The cost of that treatment would be $42,000.

Plaintiff alleged PASI provided medical equipment for her abdominoplasty surgery. It breached its duty of care to plaintiff by "not providing a qualified, useable proper [B]ovie pad or not providing other qualified accessories."

Plaintiff alleged Dr. Taylor breached his duty of care to her "by not using the [B]ovie pad properly or conduct[ing] the whole operation proper[l]y."

B.    *Defendants' Summary Judgment Motion*

On August 3, 2023, PASI filed a summary judgment motion.[2] It argued that its care and treatment of plaintiff complied with the standard of care.[3]

---

[2]    On August 17, 2023, Dr. Taylor filed a notice of joinder and joinder in PASI's summary judgment motion and a supporting separate statement of undisputed material facts. Plaintiff did not oppose the joinder, and the trial court granted Dr. Taylor's joinder.

[3]    PASI argued plaintiff's action against it properly was for professional negligence—i.e., medical malpractice—and not for ordinary negligence. The trial court agreed. Plaintiff does not challenge the court's ruling in her appeal.

3

In support of defendants' summary judgment motion, PASI submitted Dr. Athleo Cambre's declaration and other evidence. Dr. Cambre declared he was board certified as a Diplomate of the American Board of Plastic Surgery and had been a staff surgeon at California hospitals since 1992. Currently he was a staff surgeon at Southern California Hospital in Los Angeles and Cedars Sinai Medical Center in Beverly Hills. Dr. Cambre reviewed plaintiff's PASI medical records, photographs of plaintiff's burn wound, Dr. Brent Moelleken's subsequent medical evaluation report of plaintiff (Dr. Moelleken was the second doctor plaintiff saw), and declarations from biomedical engineering expert Peter Crosby and PASI medical personnel. Dr. Cambre opined that "the care and treatment provided by Dr. Taylor and the PASI staff at all times was within the applicable standard of care."

PASI also submitted Crosby's declaration. Crosby declared he had a graduate degree in biomedical engineering and had worked in the medical device industry for over 45 years. He opined it was "more likely than not that the burns observed in Plaintiff were caused by a defective electrosurgery pad."

Plaintiff did not file written objections to PASI's evidence as she was required to do by California Rules of Court, rule 3.1354(b). Instead, in her opposition to PASI's summary judgment motion she argued that Crosby's expert opinion lacked foundation and he was unqualified to opine on "whether the defects of the Bovi[e] Pad can be found in a surgical room." The trial court rejected plaintiff's "objections."

In support of her opposition to defendants' summary judgment motion, plaintiff submitted a request for judicial notice that attached three exhibits and her counsel's declaration that

4

attached plaintiff's declaration and four other exhibits. On various grounds, PASI objected to plaintiff's request for judicial notice in its entirety, to parts of plaintiff's declaration, and to each of the remaining four exhibits attached to counsel's declaration. The trial court sustained each of PASI's objections.

The trial court granted defendants' summary judgment motion. It ruled that in medical malpractice cases expert opinion testimony is required to prove or disprove the defendant met the standard of care unless the negligence is obvious to laymen. It noted Dr. Cambre declared "'the care and treatment provided by Dr. Taylor and the PASI staff at all times was within the applicable standard of care.'" Accordingly, PASI was entitled to summary judgment unless plaintiff presented conflicting expert opinions. Plaintiff did not present conflicting expert opinions or show the negligence that caused her injury was obvious to laymen.

## III.   DISCUSSION

A.   *Standards of Review*

"A trial court properly grants summary judgment where no triable issue of material fact exists and the moving party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).) We review the trial court's decision [on a summary judgment motion] de novo, considering all of the evidence the parties offered in connection with the motion (except that which the court properly excluded) and the uncontradicted inferences the evidence reasonably supports. [Citation.]" (*Merrill v. Navegar, Inc.* (2001) 26 Cal.4th 465, 476.)

5

"[I]n moving for summary judgment, a 'defendant . . . has met' his 'burden of showing that a cause of action has no merit if' he 'has shown that one or more elements of the cause of action . . . cannot be established . . . . Once the defendant . . . has met that burden, the burden shifts to the plaintiff . . . to show that a triable issue of one or more material facts exists as to that cause of action . . . .'" (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 849.)

"We review a trial court's rulings on the admissibility of evidence for abuse of discretion, and we will not reverse absent "'a showing the trial court exercised its discretion in an arbitrary, capricious, or patently absurd manner that resulted in a manifest miscarriage of justice.'" [Citation.]" (*Pilliod v. Monsanto Company* (2021) 67 Cal.App.5th 591, 630.)

B.     *Application of Legal Principles*

"[I]n any medical malpractice action, the plaintiff must establish: (1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional's negligence. [Citations.]" (*Borrayo v. Avery* (2016) 2 Cal.App.5th 304, 310, internal quotation marks omitted (*Borrayo*).)

"When a defendant health care practitioner moves for summary judgment and supports his motion with an expert declaration that his conduct met the community standard of care, the defendant is entitled to summary judgment unless the

6

plaintiff comes forward with conflicting expert evidence. [Citation.]" (*Borrayo, supra*, 2 Cal.App.5th at p. 310; *Powell v. Kleinman* (2007) 151 Cal.App.4th 112, 123 ["Whenever the plaintiff claims negligence in the medical context, the plaintiff must present evidence from an expert that the defendant breached his or her duty to the plaintiff . . ."].)

### 1.     Plaintiff's Evidence

Plaintiff argues the trial court erred in sustaining PASI's objections to evidence she submitted in opposition to defendants' summary judgment motion.  We reject plaintiff's deficient argument.

Plaintiff's entire argument is:  "Plaintiff submitted multiple pieces of evidence as supporting documents in Opposition to the Motion for Summary Judgment.  However, the trial court rejected the evidence without a valid reason.  The user instruction for the Bovie Pad, declaration of Plaintiff, and other evidence submitted proved at least there are triable issues in the case."

Plaintiff fails to set forth all of the evidence to which PASI objected, to state the grounds for PASI's objections, to discuss the relevant law concerning PASI's objections, or to explain how the trial court erred in its rulings.  We treat as forfeited perfunctory arguments made without adequate legal argument.  (*L.O. v. Kilrain* (2023) 96 Cal.App.5th 616, 620; *Tilbury Constructors, Inc. v. State Comp. Ins. Fund* (2006) 137 Cal.App.4th 466, 482; *People v. Harper* (2000) 82 Cal.App.4th 1413, 1419, fn. 4.)

7

### 2. Plaintiff's Medical Malpractice Claim Against PASI

Plaintiff contends there is a triable issue of material fact regarding whether PASI was negligent in providing a defective Bovie pad. Essentially, her contention challenges Crosby's qualifications as an expert witness and the probative value of his opinions. Plaintiff's contention fails.

PASI submitted a medical expert witness declaration from Dr. Cambre who declared that the care and treatment PASI's staff provided plaintiff "was within the applicable standard of care." Thus, PASI was entitled to summary judgment unless plaintiff produced conflicting medical expert witness evidence. (*Borrayo, supra*, 2 Cal.App.5th at p. 310.) Plaintiff did not produce such evidence. Her challenge to Crosby's qualifications and opinions, even if well taken, did not overcome that deficiency. Accordingly, the trial court did not err in granting summary judgment as to plaintiff's medical malpractice claim against PASI.

### 3. Plaintiff's Medical Malpractice Claim Against Dr. Taylor

Plaintiff contends there is a triable issue of material fact regarding whether Dr. Taylor performed the abdominoplasty surgery negligently. In support of her contention, she argues the evidence showed Dr. Taylor admitted his fault after the surgery and he did not check the Bovie pad after he repositioned plaintiff during the surgery. Plaintiff's contention fails.

PASI submitted a medical expert witness declaration from Dr. Cambre who declared that the care and treatment Dr. Taylor

provided plaintiff "was within the applicable standard of care." Thus, Dr. Taylor was entitled to summary judgment unless plaintiff produced conflicting medical expert witness evidence. (*Borrayo, supra*, 2 Cal.App.5th at p. 310.) Plaintiff did not meet that burden. Her claims about Dr. Taylor's alleged post-surgery admission of fault and Dr. Taylor's alleged failure to check the Bovie pad after he repositioned plaintiff during surgery, even if well taken, did not overcome that deficiency.[4] Accordingly, the court did not err in granting summary judgment as to plaintiff's medical malpractice claim against Dr. Taylor.

---

[4] We also hold that this evidence could not have defeated defendants' summary judgment motion because the trial court ruled it was inadmissible and we upheld that ruling above.

## IV.   DISPOSITION

The judgments are affirmed.  Defendants are entitled to their costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM (D.), J.

We concur:

HOFFSTADT, P. J.

MOOR, J.

10