Filed 1/25/24  P. v. Powell CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> ERNEST LEE POWELL, <br><br> Defendant and Appellant. | B327804 <br><br> Los Angeles County <br> Super. Ct. No. A079362 |

APPEAL from an order of the Superior Court of Los Angeles County, Kathryn A. Solorzano, Judge. Reversed and remanded with instructions.

Edward H. Schulman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Wyatt E. Bloomfield and Stefanie Yee, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

Defendant and appellant Ernest Lee Powell petitioned the trial court under former Penal Code section 1170.95 to have his 1981 second degree murder conviction vacated.[1] The trial court granted the petition and vacated Powell's murder conviction. The court resentenced Powell to a five-year upper term for robbery, a one-year firearm enhancement, and a concurrent three-year upper term for burglary. On appeal, Powell argues the court erred by imposing upper terms for robbery and burglary in light of Senate Bill No. 567 (2021-2022 Reg. Sess.) (SB 567). He also argues the court erred by imposing the firearm enhancement.

We conclude remand is warranted for resentencing in light of SB 567 and order Powell's sentence vacated. As discussed in greater detail below, at Powell's new sentencing hearing, the trial court is directed to consider its full range of sentencing options, including whether to reimpose the firearm enhancement. Additionally, for the reasons discussed below, on remand the trial court is directed to consider whether and how the question of mootness impacts this case.

---

[1] All undesignated statutory references are to the Penal Code. Effective June 30, 2022, the Legislature renumbered section 1170.95 to section 1172.6. (Stats. 2022, ch. 58, § 10.) There were no substantive changes to the statute. We will refer interchangeably to these two different section numbers depending on the context. Section 1172.6 provides relief for certain individuals convicted of murder under the felony murder rule, natural and probable consequences doctrine, or any other theory of imputed-malice liability. (See § 1172.6, subd. (a).)

## PROCEDURAL BACKGROUND

In 1979, the Los Angeles County District Attorney filed an information charging Powell with murder (§ 187, subd. (a)), robbery (§ 211), and burglary (§ 459). With respect to all counts, the information alleged Powell personally used a firearm. (§ 12022.5, subd. (a).)[2] In 1981, Powell pled guilty to second degree murder and admitted the firearm use allegation was true. The trial court sentenced him to a seven-year term for the murder, plus a two-year firearm enhancement, for a total term of nine years in state prison.

In 2021, Powell filed a petition for resentencing under former section 1170.95.[3] The prosecution conceded Powell had made a prima facie showing of entitlement to relief because he was charged and pled guilty under the felony murder rule.

In 2022, the trial court held an evidentiary hearing under section 1172.6, subdivision (d). The prosecution indicated it could not locate its witness, Gregory Locke, and had no other admissible evidence proving Powell was the actual killer or that Powell could otherwise be convicted of murder under current law.

At a later hearing, the court noted Powell's guilty plea could not establish that he remained guilty of murder under current law. The court vacated Powell's murder conviction and held a resentencing hearing. The prosecution asked the court to

---

2    The Attorney General's request for judicial notice of Powell's information and the reporter's transcript from his change of plea hearing is granted.

3    While serving his murder sentence, Powell was convicted in an unrelated drug case and sentenced to 25 years to life under the Three Strikes law. He was still in custody serving that sentence as his resentencing petition proceeded in the trial court.

sentence Powell on the remaining charges of robbery and burglary, and to impose a firearm enhancement on the robbery count. Defense counsel did not object to the prosecution's request that the court impose the firearm enhancement.

The court sentenced Powell to an upper term of five years on the robbery, plus two years on the firearm enhancement, for a total term of seven years in state prison.[4] It imposed a three-year upper term on the burglary count but stayed sentencing under section 654. Defense counsel did not object to the court's imposition of upper term sentences.

Powell timely appealed.

## DISCUSSION

### I.    The matter is remanded for resentencing in light of SB 567

Powell first argues the trial court's imposition of upper terms on his robbery and burglary convictions violated the ameliorative provisions of SB 567.[5] In raising this argument,

---

4      Although the trial court orally imposed a one-year firearm enhancement, the sentencing hearing minute order and abstract of judgment reflect the court imposed a two-year term on the firearm enhancement. The proper sentence was the punishment under section 12022.5, subdivision (a) when Powell was sentenced in 1981 – namely two years imprisonment. (See *People v. Martinez* (1987) 194 Cal.App.3d 15, 18, *People v. Zamarron* (1994) 30 Cal.App.4th 865, 871 [prior to January 1, 1990, a firearm use enhancement under section 12022.5, subdivision (a) was punishable by a two-year term].)

5      Effective January 1, 2022, Senate Bill No. 567 "amended section 1170, subdivision (b) to specify that, when a sentencing court chooses a term from a statutory triad, the chosen term shall

Powell notes the trial court did not state its reasons for imposing the upper term sentences. The Attorney General counters Powell forfeited his argument by not objecting in the trial court, but contends that, assuming Powell's argument is not forfeited, the matter should be remanded for resentencing because it is not clear what the court relied on in imposing the upper terms.

Although it is true Powell's attorney did not object in the trial court, we are of the view that forfeiture principles should not preclude Powell from receiving the benefits conferred by the Legislature in enacting SB 567. (See, e.g., *People v. Smith* (2001) 24 Cal.4th 849, 852 [arguments that a sentence is unauthorized are reviewable whether or not an objection was raised in the trial court]; *People v. Hines* (1997) 15 Cal.4th 997, 1061 [reviewing court may consider issues not raised in the trial court that present pure questions of law on undisputed facts].)[6] We therefore order his sentence vacated and remand the matter for a new sentencing hearing. (Cf. *People v. Buycks* (2018) 5 Cal.5th 857, 893 ["when part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing

---

not exceed the middle term, unless the facts supporting the aggravating circumstances are (1) established by the defendant's stipulation to them, (2) proven to a jury (or to a court, if jury is waived) beyond a reasonable doubt, or (3) based on prior convictions evidenced by a certified record of conviction. (Stats. 2021, ch. 731, §§ 1.3, 3(c), adding Pen. Code, § 1170, subd. (b)(1)—(3), by amendment.)" (*People v. Jones* (2022) 79 Cal.App.5th 37, 44.)

6    We agree with Powell that SB 567 applies retroactively to his nonfinal case. (*People v. Lewis* (2023) 88 Cal.App.5th 1125, 1130-1131.)

discretion in light of the changed circumstances.'"].) At the new hearing, the trial court is directed to apply SB 567 in determining Powell's sentence.

## II. Powell's arguments regarding the firearm enhancement

Powell next argues the trial court's imposition of the firearm enhancement was an unauthorized sentence and must be stricken. The Attorney General contends Powell also forfeited this argument by not objecting in the trial court, and assuming Powell had not forfeited it, the imposition of the enhancement was proper. Review is currently pending before our Supreme Court in another case on whether enhancements may be imposed by a trial court when resentencing under section 1172.6.[7] And, as the parties expound in their briefs, there is a split of authority in the Courts of Appeal on this issue. (Compare *Arellano*, *supra*, 86 Cal.App.5th at pp. 422, 432-437 [language of section 1172.6 does not authorize trial courts to attach enhancements to redesignated target or underlying convictions when resentencing petitioners on those counts] with *People v. Howard* (2020) 50 Cal.App.5th 727, 741-742 (*Howard*) [section 1172.6 permits trial courts to impose related enhancements when resentencing on redesignated convictions so long as the new sentence is not greater than the original sentence].)

---

7    The Supreme Court has granted review in *People v. Arellano* (2022) 86 Cal.App.5th 418 (*Arellano*), review granted Mar. 15, 2023, S277962 on the following issue: "When a defendant obtains resentencing for a conviction under Penal Code section 1172.6, subdivision (e), is the trial court permitted to impose not only the [sentence for the] target offense or underlying felony, but also corresponding enhancements?"

Because (as discussed above) we are vacating Powell's entire sentence, including the firearm enhancement, and remanding the matter for a full resentencing hearing, we need not address Powell's argument that the firearm enhancement *must* be stricken. We note the trial court has discretion to strike the firearm enhancement in light of Senate Bill No. 620 (SB 620) (2017-2018 Reg. Sess.).[8]

### III. The court's oral pronouncement of judgment on the firearm enhancement

The Attorney General points out that although the trial court apparently intended to impose a two-year term on the firearm enhancement, which was the punishment under section 12022.5, subdivision (a) when Powell was sentenced in 1981, at the resentencing hearing, the court instead orally imposed a one-year term on the firearm enhancement. As noted above in footnote four, the proper enhancement would have been two years. The Attorney General requests that we order oral pronouncement of judgment corrected. Because we are vacating Powell's sentence and remanding the matter for a resentencing hearing, we need not address this issue.

### IV. Mootness

As mentioned above, at Powell's resentencing hearing, the court sentenced him to an upper term of five years on the robbery, plus two years on the firearm enhancement. The trial court then awarded Powell 18,803 days of custody credit. The

---

8    Effective January 1, 2018, Senate Bill No. 620 amended section 12022.5, subdivision (c) to give trial courts discretion to strike firearm enhancements imposed under section 12022.5. (*People v. Contreraz* (2020) 53 Cal.App.5th 965, 967-969.)

7

parties' briefing does not address whether the issues presented on appeal are rendered moot by the fact that Powell has already served significantly more prison time than the trial court may lawfully impose on resentencing. (See *People v. Rish* (2008) 163 Cal.App.4th 1370, 1380 ["'[A] case becomes moot when a court ruling can have no practical effect or cannot provide the parties with effective relief.'"].) The issue of mootness, and how mootness might impact this case as it proceeds through the appellate process, is an issue the trial court should consider on remand.

## DISPOSITION

Powell's sentence is vacated, and the matter is remanded to the trial court for a resentencing hearing. At the hearing, the trial court is directed to consider its full range of lawful sentencing options. As discussed above, that includes (but is not limited to) applying SB 567 and SB 620. The court is also directed to consider whether Powell's credits for time served exceed any possible sentence the court may re-impose, and whether the issue of resentencing is moot.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

CURREY, P. J.

We concur:

MORI, J.

ZUKIN, J.

9